EMILY FURST, by her Guardian, etc., Respondent, *v.* THE SECOND AVENUE RAILROAD COMPANY, Respondent.

Plaintiff was run over by a car on defendant's road. In an action to recover damages for the injury, which was alleged to have been caused by the negligence of the driver of the car, the conductor was called as a witness for the defense. He was not asked, and did not testify as to the conduct of the driver, and it did not appear that he was in a condition to observe it  Upon cross-examination he was asked, but denied that he had made statements to the effect that if the driver had looked out he would have seen the child, and would not have run over it. Plaintiff thereafter called and examined a witness as to declarations of the conductor made long after the accident. After several questions had been put to the witness in respect to these declarations, which failed to elicit anything, in answer to a question as to what the conductor said about the driver looking or not looking, said witness answered: "He told me he thinks the driver did not look, or the child would not have been run over." Each of these questions was objected to, on the ground that the conductor's declarations were incompetent to bind defendant. The objections were overruled and exceptions taken. *Held*, that the evidence was erroneously received; that such declarations were not competent as binding upon, or affecting the defendant; nor were they admissible for the purpose of contradicting or affecting the credibility of the conductor, as the statement of the conductor sought to be contradicted, having been drawn out on cross-examination and not being relevant to the case, could not be contradicted.

Plaintiff's counsel proposed to have the answer stricken out, as it appeared from it that it was mere matter of opinion; defendant's counsel declined to accept the proposition, and elected to retain his exception. The court made no ruling and gave no instructions to the jury on the subject. *Held*, that defendant's counsel had the right to insist upon his exception, and was not bound to waive it; and that the error was not cured by the offer to strike out.

(Argued February 7, 1878; decided February 19, 1878.)

APPEAL from judgment of the General Term of the Court of Common Pleas in and for the city and county of New

York, affirming a judgment in favor of plaintiff, entered upon a verdict.

This action was brought to recover damages for injuries sustained by plaintiff in consequence of being run over by one of defendant's cars, through the alleged negligence of the driver.

The facts pertinent to the questions discussed are set forth sufficiently in the opinion.

*Austen G. Fox*, for appellant. The court erred in admit-admitting evidence of the declarations of the conductor, said to have been made a week after the accident. (*Luby* v. *H. R. R. R. Co.*, 17 N. Y., 131; *Whitaker* y. *Eighth Ave. R. R. Co.*, 51 id., 295.) A witness cannot be cross-examined as to any fact which is collateral and irrelevant to the issue, merely for the purpose of contradicting him by other evidence. (1 Greenl. Ev., § 449 and note; Whart. Ev., § 559; *Bap. Ch., etc.*, v. *Brooklyn F. Ins. Co.*, 28 N. Y., 153, 159, 160; *Carpenter* v. *Ward*, 30 id., 243, 245, 249, 250; *Plato* v. *Reynolds*, 27 id., 586; *Elton* v. *Larkins*, 5 C. & P., 385; *People* v. *Stokes*, 53 N. Y., 164, 176; 2 Phil. on Ev. [C. & H. notes, 5th Am. ed.], 903, 969, 970 m. p.; *Atty.- Genl.* v. *Hitchcock*, 1 Ex., 91, 99; *Hildeburn* v. *Curran*, 65 Pa. St., 59–63.) When a proper question calls out an irresponsive answer, an exception does not lie, even if the answer is improper; the answer may be stricken out. (*Travis* v. *Barger*, 24 Barb., 614.) Plaintiff's offer to let the evidence erroneously admitted be stricken out did not cure the error in its admission and could not deprive the defendant of its exception. (*Baird* v. *Gillett*, 47 N. Y., 186, 188; *Erben* v. *Lorillard*, 19 id., 299; *Arthur* v. *Griswold*, 55 id., 400, 408; *Penfield* v. *Carpenter*, 13 J. R., 350; *Green* v. *H. R. R. R. Co.*, 32 Barb., 25, 34; *Coleman* v. *People*, 58 N. Y., 561, 562; *Flood* v. *Mitchell*, 4 Hun, 813; 15 Alb. L. J., 232, 233.)

*Chauncey Shaffer*, for respondent. The evidence offered by plaintiff to impeach the testimony of defendant's con-

ductor was properly received. (1 Greenl. Ev., §§ 462, 463; *Gilbert* v. *Sage*, 5 Lans., 287, 292; *Wills* v. *People*, 3 Park. Cr., 473; *Sloan* v. *N. Y. C. R. R. Co.*, 45 N. Y., 125; *Patchin* v. *Astor Mut. Ins. Co.*, 3 Kern., 268; *Pendleton* v. *Empire H. Co.*, 19 N. Y., 13; *Shufflin* v. *People*, 4 Hun, 16; *Merrit* v. *Briggs*, 57 N. Y., 651; *Chester* v. *Dickerson*, 54 id., 651; *Carpenter* v. *Ward*, 30 id., 243; *Plato* v. *Reynolds*, 27 id., 586; *Specht* v. *Howard*, 16 Wall., 564; *People* v. *Stevens*, 4 Park. Cr., 137.)

Rapallo, J.   On the trial of this action, Joseph M. Bour, who was conductor of the car which inflicted the injury complained of, was examined as a witness on the part of the defendant, and on his direct examination testified as to the locality of the accident, the rate of speed of the car at the time, and other attendant circumstances and occurrences after the accident.   He stated that he was, at the time, inside the car collecting fares, but was not asked nor did he testify in respect to the conduct of the driver, and it did not appear that he was in a position to observe it.

On his cross-examination he was interrogated by the plaintiff's counsel in regard to a conversation with Peter Cook, and denied that he had said to Cook that if the driver had only looked out he would have seen the child and never run over it.   He also denied having said to plaintiff's father anything about the driver being careless or the child would not have been hurt, or anything to that effect.

These inquiries were quite irrelevant, as the declarations inquired of, even if made, would not have tended to contradict any statement of the witness on his direct examination, and they were clearly inadmissible for any other purpose.   They were permitted, however, without objection.

The plaintiff then called as a witness August Furst, and examined him as to declarations of the conductor Bour to him long after the accident.   These declarations were objected to by the defendant's counsel, but the objection was overruled and exception taken.   Several questions in succession were

put to the witness in respect to these declarations, the same objection, ruling and exception being repeated each time, but they failed to elicit anything until the witness was asked : " Did he (Bour) say anything about the driver looking or not looking ?" which the witness answered affirmatively. He was then asked, " what did he say about the driver looking or not looking ?" to which he answered, "he told me he thinks the driver did not look or the child would not be run over." Each of these questions was objected to on the ground that the declarations of the conductor were incompetent and inadmissible to bind the defendant. The objections were overruled and exceptions taken.

It is manifest that the declarations of the defendant's conductor, made after the accident, were not competent or admisssible as binding upon or affecting the defendant. This is conceded by the counsel for the plaintiff, but he claims that they were admissible for the purpose of contradicting and impeaching the credibility of the conductor. It does not appear from the case that they were offered for that purpose, or that that effect was claimed for them upon the trial ; but assuming that such was the object of the questions, they were clearly inadmissible for any such purpose, for the reason that the statement of the conductor sought to be contradicted had been drawn out by the plaintiff on cross-examination, and was irrelevant to the case, and, therefore, the endeavor to contradict it was an attempt to raise a collateral issue, which is not permissible. If the conductor had on his direct-examination testified that the driver did look out, or that he was driving carefully at the time of the accident, it would have been competent to show that the witness had made statements out of court contradictory of, or inconsistent with, his testimony, and if he denied having made such statements, it would have been competent to prove them by other witnesses. But the difficulty is that he had not given any testimony on the subject of the driver looking or being careful, and his unsworn statements on that subject wa stherefore wholly immaterial and irrelevant, and if objection had been made

on the part of the defendant to the questions put to him by the plaintiff's counsel in respect to such statements, it would have been the duty of the court to have excluded them. But it has often been decided that the omission to make such objection is no ground for allowing the answers made by the witness to irrelevant inquiries to be contradicted.

On the argument the counsel for the plaintiff ingeniously contended that the general tenor of the conductor's evidence was to show care and watchfulness on the part of the driver, and that, therefore, a declaration by the conductor that the driver did not look would have been inconsistent with his testimony and consequently material. We have carefully examined the testimony with the view of ascertaining whether it affords any foundation for this argument, but we do not find in it any such support.

After repeated objections to the questions put to the witness Furst had been made and overruled, he answered that the conductor told him that he thought the driver did not look or the child would not have been run over. The plaintiff's counsel then proposed to have the answer stricken out, it appearing from the answer that it was merely matter of opinion. The defendant's counsel declined to accept this proposition, and elected to retain his exception. The court made no ruling and gave no instruction to the jury on the subject. The former rulings, the exceptions thereto, and the objectionable testimony all remain in the case.

The defendant's counsel had the legal right after the evidence had been admitted, in spite of his repeated objections, to insist upon his exception, and it was not his duty to waive it, as he would have done by accepting the proposal of the plaintiff's counsel. So far as the jury might be influenced by the incompetent evidence the mischief was already done, and would not have been repaired by the agreement of counsel to strike it out. The answer of the witness was strictly responsive to the question objected to, and the plaintiff's counsel had no right to have it stricken out. The defendant's counsel cannot justly be charged with taking an improper

course for the purpose of obtaining an exception, nor with insincerity in objecting to the evidence. The questions asked of the witness were manifestly improper in any point of view; the objections were repeated every time they were changed in form, and when at last the answer was drawn out the counsel had a valid exception. There is nothing in the case to justify a supposition that these objections were not made *bona fide* for the purpose of excluding the evidence. It having been got into the case in spite of these efforts the counsel would have been remiss in his duty to his clients if he had consented to waive his exception under such circumstances that the mischief would not be fully repaired. The offer of the plaintiff's counsel, if accepted, would not have caused the jury to overlook this evidence when they came to consider the case, and it is impossible to say that it did not have some influence upon them. The opinion of one of the defendant's employees, present at the time of the accident, that it was caused by the negligence of the driver of the car, might be regarded by a jury, unskilled in law, as an admission of the defendant or its representative, especially after the court had repeatedly overruled the objection that the conductor's declarations were not competent to bind the defendant. In cases of this description declarations of employees of a railroad company, or even their opinions, conceding negligence on the part of the company, are calculated to mislead a jury, who would naturally be disposed to accept the concessions of such employees, and adopt their opinions if adverse to the company.

As the admission of this evidence was clearly erroneous, and we cannot say that it was wholly innocuous, we have no alternative but to grant a new trial. It is, therefore, unnecessary to examine the other exceptions.

The judgment should be reversed, and a new trial ordered; costs to abide the event.

All concur.

Judgment reversed.