MARVIN LANE, as Administrator, etc., of SARAH A. LANE, Deceased, Respondent, *v.* THE TOWN OF HANCOCK, . Appellant.

| 67  623
142a 510

*Personal injury arising from a defective highway — absence of fenders at the edge of an embankment — notice — negligence of highway commissioner — want of funds.*

A highway, in which the road-way, only eleven feet wide, slopes rapidly to a steep embankment, with a water-bar running diagonally across the road, by which water is suffered to flow over the road and freeze, and on which a loaded sleigh, however properly driven, would be likely to slip and be thrown over the embankment, and which has been in such a condition for several years, with no barrier on the sides, presents, in an action for an injury to a traveler at that point, caused by his sleigh slipping off the road and overturning, a state of facts which requires the submission to the jury of the question as to the negligence of the highway commissioners of the town to which such highway belongs.

In an action brought to recover damages for a personal injury caused by a defect in a highway, the fact that no accident had occurred before at the place in question, although some evidence tended to show that that point in the road was not dangerous, is not conclusive in that regard, especially where the plaintiff's evidence strongly indicates an unsafe condition of the highway.

Where a highway has been in an obviously dangerous condition for seven years, the officers of the town in which it is situated must be deemed to have had notice of its condition.                   •

Where a road, as originally built, has fenders on the sides of an embankment, but subsequently becomes filled in with earth higher than the fenders, and an accident thereafter occurs through a sleigh slipping off the embankment, which would not have occurred if there had then been a fender there, the jury is justi- · fied in finding, in an action brought against the town to which the highway belongs to recover damages for such accident, that the accident occurred, not on account of any defect in the plan of the road as adopted by the town officers, but on account of the road being allowed to become out of repair.

*Semble*, that, in such an action, want of funds on the part of the highway commissioners to repair the highway is a defense, to be asserted and proved by the defendant town, and the existence of funds need not be alleged or shown by the plaintiff as part of his cause of action.

Where, in such an action, it appears that it would have required only a small sum, as, *e. g.*, twenty dollars, to repair an obvious defect in a highway, which had needed repair for several years, the jury can properly determine that the highway commissioners were negligent in failing to take steps to provide the necessary funds, if they did not, in fact, have means on hand to make the repair.

Appeal by the defendant, the Town of Hancock, from a judgment of the Supreme Court, in favor of the plaintiff, entered in the office of the clerk of Sullivan county on the 11th day of January,

1892, upon a verdict rendered at the Sullivan Circuit; and from an order denying the defendant's motion for a new trial made upon the minutes, which order was entered in said clerk's office on the 25th day of August, 1892.

The action was brought by Marvin Lane, as administrator of Sarah A. Lane, deceased, under chapter 700 of the Laws of 1881, to recover damages resulting from the death of the intestate, alleged to have been caused by a defective highway in the town of Hancock, Delaware county.

*Wesley Gould*, for the appellant.

*John F. Anderson* and *T. F. Bush*, for the respondent.

PUTNAM, J.:

The questions whether the death of plaintiff's intestate was, or was not, caused by the negligence of the commissioners of highways of the town of Hancock, and whether there was any contributory negligence on the part of said deceased, I think were properly and fairly submitted to the jury by the trial court.

The matters litigated in the action have been passed upon in so many reported cases, and the principles involved are so well settled, that a brief discussion of the case will be sufficient.

There was evidence on the trial showing, or tending to show, that at the point of the highway where the accident happened, the road was about eleven feet wide and sloping considerably from the upper to the lower side, where there was a perpendicular descent of several feet, over which the sleigh in which deceased was riding fell. There was a water-bar running diagonally across the road, and the water flowed over this place and was frozen so as to make the road slippery. The sleigh when it came to the point in question, without any negligence on the part of the driver, slipped off the road, was overturned and deceased was killed. The highway had been in this condition for several years and had no barrier on the sides. The testimony given on the trial, as to the condition of this road at the place where the accident occurred, rendered the submission of the question, as to the negligence of defendant's highway commissioners, to the jury necessary, within the cases of *Ivory* v. *The Town of Deerpark* (116 N. Y., 476); *Maxim* v. *The Town of Champion*

(50 Hun, 88); *Bryant* v. *The Town of Randolph* (133 N. Y., 70), and many other cases which it is unnecessary to mention. In fact the evidence of negligence in this case on the part of the officers of defendant was stronger and more conclusive than was shown on the part of the defendant's commissioners in either of the three cases above cited. In this case there was a road sloping rapidly to a steep embankment with a water-bar running diagonally across it, over which road water was suffered to flow and freeze, and on which a loaded sleigh would be likely to slip and be thrown over the embankment, however properly driven, as was the sleigh on which deceased was riding.

The fact that no accident had ever occurred at the place in question before, if such fact was shown on the trial, although some evidence tending to show that this point in the road where the accident occurred was not dangerous, is not conclusive in that regard, especially in a case like this, where the testimony given by plaintiff so strongly indicates an unsafe condition of the highway. (*Maxim* v. *The Town of Champion*, 50 Hun, 93.)

Counsel for defendant compares this case to *Hubbell* v. *The City of Yonkers* (104 N. Y., 434) and *Glasier* v. *The Town of Hebron* (131 id., 447). A careful examination of the testimony, and consideration of the facts, has led me to the conclusion that this case is not similar to those authorities. In the "Hubbell" case the road was thirty feet wide, macadamized and in good condition. The accident was caused by the plaintiff's horse being frightened, and not by the condition of the highway. Here the road was only eleven feet wide, sloping, without barriers, covered with ice, and in such a dangerous condition that a sleigh passing along the highway would naturally and almost necessarily slip and go over the embankment. And the accident by which deceased lost her life was, in fact, caused by the sleigh slipping over the embankment on account of the defective condition of the highway. In *Glasier* v. *The Town of Hebron* (*supra*) the road was seventeen feet wide and in good condition. Here, as we have seen, there was evidence to justify the jury in finding that the highway where the accident occurred was in bad condition, and in such a state that said accident might naturally have been anticipated.

The highway having been in the same state for seven years prior to the death of Mrs. Lane, the officers of defendant must be deemed to have had notice of its condition.

It is suggested by counsel for appellant that the highway being in the same condition as when accepted by the commissioners, and having been made in accordance with the plan adopted by them, the defect, if any, was incident to the plan adopted, and was an error of judgment of the commissioners. (*Urquhart* v. *City of Ogdensburg*, 91 N. Y., 67.)

The testimony in the case, however, does not sustain defendant's position. It appears that, when the road was built, there were " fenders " put at the place where the accident happened. That the road had since become filled in with earth higher than the fenders. Also, there was no water-bar when the road was made. Had there been a fender at the place where the accident occurred the sleigh on which deceased was riding would not have gone over the embankment. Hence there was evidence in the case justifying the jury in finding that deceased lost her life, not on account of any defect in the plan of the road as adopted by the officers of the town, but on account of its being allowed to become out of repair.

The defendant insists that it was for the plaintiff to allege and show, as a part of his cause of action, that the commissioners had sufficient funds, or the power to procure sufficient funds to repair the highway in question, and neglected to take the proper and necessary steps to obtain such funds. I think the want of funds was a defense to . be asserted and proved by defendant. (*Bullock* v. *Town of Durham*, 46 N. Y. St. Rep., 459; *Hover* v. *Barkhoof*, 44 N. Y., 118; *Adsit* v. *Brady*, 4 Hill, 634; *Clapper* v. *Town of Waterford*, 131 N. Y., 388, 389.)

Also, the evidence in the case was such that the jury could properly find that defendant's officers either had the funds, or could easily have procured the small amount ($20) necessary to properly repair the defective part of the highway in question. Without attempting to discuss the question, I will refer to the remarks of BRADLEY, J., in *Ivory* v. *The Town of Deerpark* (116 N. Y., 484) as entirely applicable to this case. Also, the opinion in *Warren* v. *Clement* (24 Hun, 474). The highway had been in the same bad condition for several years. It required only twenty dollars to repair it. The

highway commissioners, who must be deemed to have had notice of the condition of the road, had a right to, under the statute, raise the sum of $1,000 for highway purposes each year. The jury could properly have determined that they negligently failed to take proper steps to provide funds, if they did not, in fact, have means on hand to make the repair that would only cost twenty dollars, at a place on the highway that had needed such repair for seven years. The trial judge submitted the question to the jury as to the possession of funds by the defendant's officers in a fair charge, to which no exception was taken, and I am unable to see that any error was committed by him in his instructions to the jury, or rulings in the matter.

Several exceptions were taken by appellant to decisions of the trial judge in receiving or excluding evidence offered, which are urged as grounds for granting a new trial. I have examined and considered each of said decisions carefully, but do not think they require discussion, or that the trial judge, in either of the rulings so excepted to, made any error that should cause a reversal of the judgment.

The judgment should be affirmed, with costs.

MAYHAM, P. J., and HERRICK, J., concurred.

Judgment affirmed, with costs.