(25 App. Div. 1.)

## McMAHON v. TOWN OF SALEM.

(Supreme Court, Appellate Division, Third Department.    January 5, 1898.)

1. DEFECTIVE BRIDGES—LIABILITY OF TOWN—DEFENSE—LACK OF FUNDS.

The complaint in an action for damages brought under Laws 1890, c. 568, § 16, providing that towns shall be liable for injuries caused by defects in bridges resulting from neglect of commissioners, alleged that the injury was caused by defects in a bridge, existing through the neglect of the commissioners to repair it, and that they had funds, and means to procure them, to make the repairs. The answer was a general denial. An affirmative defense that when the injury occurred the commissioners had no funds for repairs, and had not had for at least a month, was ruled out, because not pleaded, and leave to amend was refused. *Held*, that, in order to make the defense of no funds, complete lack of means to obtain funds must also be shown, and the offer being, therefore, too narrow, in view of Laws 1890, c. 568, § 10, as amended by Laws 1895, c. 606, which provides means for the immediate repair of defective bridges when no funds exist for the purpose, the offer and leave to amend were properly refused.

2. DAMAGES—EVIDENCE—CONTRADICTION OF WITNESS.

In an action for personal injuries, the attending physician, after testifying as to the injury, was asked if he had not said to two doctors at a certain time that the injured party had recovered, which he denied. The evidence of the other doctors to prove that he had made the remarks was excluded. *Held*, that since the testimony of the attending physician tended to establish the material issue of permanent injury, the evidence excluded was material to the issue.

Appeal from trial term, Washington county.

Action by John N. McMahon against the town of Salem. From a judgment in favor of plaintiff, and from an order denying a motion on the minutes for a new trial, defendant appeals. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Frederick Fraser and J. M. Whitman, for appellant.

C. C. Van Kirk, for respondent.

MERWIN, J. On the 12th of June, 1895, while the plaintiff, with a team and wagon, was crossing a bridge over Black creek, in the town of Salem, a portion of the bridge gave way, and the plaintiff, with his team and wagon, was precipitated to the bottom of the creek. For the injuries then received the plaintiff seeks in this action to recover damages from the town upon the ground that the damages were sustained by reason of a defect in the bridge, existing because of the neglect of the commissioner of highways of the town. Highway Law, § 16. The recovery is upon that basis.

The appellant claims that in the course of the trial divers errors were committed by the trial court to the prejudice of the appellant, by reason of which there should be a new trial. The defendant offered to prove that at the time of the accident the commissioner of highways had no funds in his hands applicable to the repair of the bridge, and that for at least a month before the accident all the moneys in his hands for highway purposes had been expended in making repairs and improvements which he had previously determined to be necessary. This was ruled out upon the ground that it was an affirmative defense, and was not pleaded in the answer. In

the complaint it was alleged that the commissioner of highways had the necessary funds, and the means to procure such funds, to repair the bridge. There was a general denial in the answer. It was, however, held that the proof was not admissible, and it is claimed that the case of Whitlock v. Town of Brighton, 2 App. Div. 23, 37 N. Y. Supp. 333, supports this ruling. The defendant asked leave to amend the answer but this was refused. In order to make the defense as to funds complete, it must appear not only that there was a lack of funds, but an inability, in the exercise of reasonable diligence, to obtain them. Clapper v. Town of Waterford, 131 N. Y. 382, 30 N. E. 240; Whitlock v. Town of Brighton, supra; Young v. Town of Macomb, 11 App. Div. 480, 42 N. Y. Supp. 351. Had the defendant offered to show, not only the lack of funds, but the lack of means to obtain them, it may be that an amendment of the answer, if necessary, should have been allowed. The offer being too narrow, the defendant does not show injury from the rulings. It may be observed that by the statute, as then existing (Highway Law, § 10, as amended by chapter 606, Laws 1895), it is provided that, if at any time a bridge shall become unsafe, the commissioners of highways of the town may, with the consent of the town board, cause the same to be immediately repaired, although the expenditure of money required may exceed the sum raised for such purposes, and provision is made for the audit and collection of the expense.

It is claimed by the appellant that material error was committed in the exclusion of evidence offered by the defendant by way of contradiction of the evidence of Dr. C. B. Lambert, called as a witness by the plaintiff. Dr. Lambert was his attending physician. He testifies that he attended the plaintiff as his physician from June 12, 1895, the date of the injury, to January 16, 1896; that during that time he treated him for the injuries he had received, gave him treatment as he thought was right, and that in his opinion his attendance during that time and up to January was necessary; that after that he sent him medicine two or three times, and gave him some incidental treatment when he was attending a member of his family; that when he went to see him he found him suffering considerable pain from a number of injuries that he discovered on his back in the dorsal and lumbar region, and from injuries that he observed to the muscles of the whole chest and abdomen, and that his urine appeared bloody. On his cross-examination he stated the frequency of his visits, and what injuries he treated him for. He was then asked whether, upon a certain occasion in August, 1895, he did not state to Dr. Russell and Dr. Maguire that the plaintiff had recovered from the injuries which he had received by the fall of the bridge. To this the witness replied that he did not. He was also asked whether, on the same occasion, he did not state to the same persons that there was nothing the matter with the plaintiff. He replied that he did not. The defendant then called Drs. Russell and Maguire, and offered to prove by them that Dr. Lambert did make the statements which he denied making. This was excluded. One of the most material issues in the case was whether or not the injuries of the plaintiff were of a permanent character. Dr. Lambert had better means of knowing

the character and extent of those injuries than any other physician. His evidence tended to show that they were serious and permanent. His visits were frequent after August, 1895, and he testified that his attendance up to January, 1896, was necessary. The condition of the plaintiff, as described by the witness, as well as his treatment of him, was inconsistent with the idea that on the 9th of August—the date of the interview with Drs. Russell and Maguire—the plaintiff had recovered, or that nothing was then the matter with him. The contradictory evidence that was offered should, we think, have been received. Sloan v. Railroad Co., 45 N. Y. 125; Kinner v. Canal Co., 52 N. Y. Super. Ct. 162. In the Kinner Case Judge Sedgwick says, at page 165:

"The rule that the declarations of a witness as to matters as to which he has testified, they being material to the issues, can be shown to affect his credibility after he has denied that he has made them, is not confined to the immediate things he testified to, but extends to circumstances within his knowledge, or which it may be argued to the jury are within his knowledge, inconsistent with the things he has testified to, or which would call for a modification of the testimony."

The evidence thus excluded was quite material to the issue, and its exclusion is good ground for reversal. Patchin v. Insurance Co., 13 N. Y. 268.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur; HERRICK, J., in result, as stated in opinion read by him.

HERRICK, J. I concur in the result of Mr. Justice MERWIN'S opinion, but decline to concur in the opinion itself, because I do not wish to commit myself to the inference that perhaps may be drawn from portions of it, that the lack of funds in the hands of a commissioner of highways is a defense to an action of this kind. The reasons for permitting such a defense by highway commissioners do not exist or apply to actions against a town. Lack of funds in the hands of the commissioner was formerly a defense to actions brought against commissioners of highways for defects in the highways or bridges under their control. The defense was an affirmative one, to be asserted and established by the commissioner. Actions against the commissioner were predicated upon his negligence, and, of course, if the town had neglected or refused to furnish him with the neces-· sary moneys to keep the highways or bridges in repair, the imputation of negligence was rebutted. While chapter 568 of the Laws of 1890 makes the town liable for the negligence of the highway commissioner, it does not grant to it the same defenses that a highway commissioner might theretofore assert in an action brought against him for his personal negligence. As before stated, lack of funds was an affirmative defense. In such actions it was not necessary, in order to make out a case of negligence, for the plaintiff to establish the possession of funds by the highway commissioner. It was for the commissioner to affirmatively show the lack of funds in order to relieve himself of the charge of negligence otherwise made out against him. The town of which he is an officer is the body that furnishes the commissioner funds to construct and maintain the highways and

bridges within his jurisdiction. To permit the town, in an action brought against it because of the alleged negligence of the highway commissioner, to assert as a defense a lack of moneys in his hands, is practically to permit such town to assert its own default or omission as a defense to the action. By refusing to furnish the commissioner of highways the necessary funds to keep the roads and bridges under his control in proper repair, it would, upon this theory, escape all liability, and practically its own negligence would be its defense.