(26 App. Div. 535.)

PFEFFER v. STEIN et al.

(Supreme Court, Appellate Division, Second Department.　March 29, 1898.)

1. INJURY TO EMPLOYE—LIABILITY OF MASTER.
　　The mere fact that an employé engaged to do safe work at a safe place is injured while attempting to do a dangerous act not connected with his usual employment, does not, in the absence of all evidence that he was directed to do it by some one in authority, raise any question of liability on the part of the employer.

2. EVIDENCE—DECLARATIONS OF FOREMAN.
　　Evidence of the subsequent declaration of a foreman as to his own negligence, not made in the scope of any duty or employment by the employer, and without any authority, incidental or otherwise, to make his declarations binding, does not, even though not objected to, avail to establish liability on the part of the employer.

3. IMPEACHMENT OF WITNESS.
　　Where a party calls out irrelevant testimony on cross-examination, he cannot introduce evidence to impeach it.

Appeal from trial term, Kings county.

Action by Leopold Pfeffer, administrator of George Pfeffer, deceased, against Joseph Stein and William Gesswein. From a judgment on a verdict of a jury, directed by the court, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Alexander Y. Scott, for appellant.
Horace Graves, for respondents.

HATCH, J.    By this action damages were sought to be recovered on account of the claimed negligence of the defendants in permitting and directing the employment of the deceased in a hazardous undertaking.    The court heard the whole of the evidence of both parties, and, at the close of all the proof, directed the verdict.    It appears from the undisputed facts that the deceased was employed in and about the defendants' factory in sorting corks used upon bicycle handles.·   This was a harmless employment, under which the deceased incurred no danger whatever; nor did it bring him in close proximity to or in contact with any machinery used in and about the factory which was dangerous to either life or limb.    While so employed, the deceased seems to have procured a ladder, placed it underneath a revolving shaft, to shift a belt running upon the shaft, and in so doing he was caught in the shaft, and wound around it, receiving injuries from which he subsequently died.    The case is destitute of any proof showing that he made the attempt to shift the belt by virtue of any direction given to him by the foreman of the establishment, or by any other adult person employed therein.    So far as appears, such act was attempted without the knowledge of the defendants or their foreman, and was purely a voluntary act upon the part of the deceased.    There is evidence tending to establish that the attempt was made by reason of a difference between the deceased and the other boys with whom he was employed as to whether the deceased had the ability to shift the belt, and it is quite probable that he made the attempt which cost him his life in order to demonstrate to his companions that he was able to do it. The case, therefore, was destitute of proof tending to establish that the defendants were in any wise responsible for the act which produced the injury, and therefore there was no negligence upon their part.

The appellant, however, relies upon certain admissions claimed to have been made by the foreman of the defendants, after the accident, and subsequent to the death of the deceased.    The foreman had been asked during the course of the trial if he did not tell the mother of the deceased "that he would not have told the boy to go up the ladder if he had thought he would be hurt," and the foreman answered in the negative.    Subsequently the mother was called as a witness, and testified that after the funeral the foreman called at her house, and stated to her "that, if he thought the boy would have been hurt, he would not have told him to go up the ladder."    The mother was corroborated as to this statement by two other persons, who were called as witnesses for the plaintiff.    This testimony was incompetent for any purpose.    As before observed, there was no evidence which tended to establish that the foreman gave any direction to the boy to shift the belt; consequently, any interrogation in respect of any declaration which he made subsequent to the transaction was immaterial and irrelevant, and, under well-settled rules, testimony in impeachment of such statement was inadmissible.    This testimony was, therefore, incompetent by way of impeachment.    Furst v. Railroad Co., 72 N. Y. 542.    It was also incompetent and ineffectual as testimony in establishment of the principal fact.    The declaration was not made in the scope of any duty or employment of the foreman by the defendants, and he had no authority, incidental or otherwise, to make his declara-

tions binding upon the defendants. The testimony was, therefore, inadmissible for this purpose. First Nat. Bank v. Ocean Nat. Bank, 60·N. Y. 278; Sherman v. Railroad Co., 106 N. Y. 542, 13 N. E. 616. No objection was interposed to this testimony, but this fact does not avail to establish liability on the part of the defendants. Delaney v. Hilton, 50 N. Y. Super. Ct. 341. If we assume that the employment was in violation of the factory act, it does not have the effect of changing the result.

The judgment should be affirmed, with costs. All concur.