## VANDEWATER v. TOWN OF WAPPINGER.

(Supreme Court, Appellate Division, Second Department. February 21, 1902.)

1. HIGHWAY BRIDGE—COLLAPSE—LIABILITY—WEIGHT OF VEHICLE—STATUTORY CONSIDERATION.

The highway law (Laws 1890, c. 568, § 154), providing that no town shall be liable for damages resulting to person or property by reason of the breaking of any bridge caused by the transportation of any vehicle or load weighing four tons or over, does not prevent a recovery for an injury received through the breaking down of a bridge on an attempted crossing by a traction engine and a water tank mounted on a separate wagon coupled to the engine by a pole, together weighing more, but each less, than four tons, when only the front wheels of the engine were on the bridge when it collapsed.

2. SAME—MUNICIPAL CORPORATIONS—DECLARATIONS OF OFFICERS—ADMISSIBILITY.

In an action against a town for injuries to property through the collapse of a bridge, the declarations of the town officers, including a supervisor, after the accident, that they had knowledge of the condition of the bridge, were admissible, as showing notice to the town, and tending to show negligence in allowing the bridge to remain out of repair.

Appeal from trial term, Dutchess county.

Action by Frances M. Vandewater against the town of Wap-
pinger. From a judgment for plaintiff, and an order denying a mo-
tion for a new trial, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS,.
WOODWARD, and HIRSCHBERG, JJ.

Frank B. Lown, for appellant.

William H. Wood (Charles Morschauser, on the brief), for respond-
ent.

WOODWARD, J. The plaintiff brought this action to recover
damages sustained by her in the injury of a certain traction engine
by falling through a bridge which it is conceded it was the duty of
the defendant to keep in a reasonably safe condition. In her com-
plaint she alleges all of the facts necessary to constitute a cause of
action based upon the negligence of the defendant, and without
contributory negligence on the part of the plaintiff or her representa-
tives. The evidence is sufficient to warrant the verdict of the jury.
The defendant, in addition to the usual denials, set up the affirma-
tive defense that the traction engine of the plaintiff weighed more
than four tons, and that the said engine, with its water tank, weigh-
ed more than four tons. There was some evidence to support the
allegation that the engine with its water tank weighed considerably
more than four tons, and the defendant strongly urges upon this
appeal that these facts constitute a bar to the present action, and that
the complaint should have been dismissed on the motion made at
the close of the evidence, or that a new trial should have been grant-
ed. This contention is based upon the provisions of section 154 of
the highway law, which provides that:

"No town shall be liable for any damage resulting to person or property,.
by reason of the breaking of any bridge, by transportation on the same,
of any vehicle and load, together weighing four tons or over."

While the evidence is not disputed that the traction engine itself
is within the limit of weight fixed by the statute, the appellant con-
tends that the water tank, mounted upon a separate wagon, and
coupled to the engine by a short pole, constitutes a part of the load
of the vehicle, and is to be taken into consideration in determining
the liability of the town. We are inclined to the opinion that, if the
evidence had shown that the engine and water tank were both upon
the bridge at the time of the accident, it would be within the spirit.
of the law to hold that the two constituted a single vehicle, with its
load; and it may be that it would be proper, as suggested in Heib
v. Town of Big Flats, 66 App. Div. 88, 73 N. Y. Supp. 86, to take
into consideration the added weight put upon the engine by reason
of the load it was called upon to draw, though this does not appear
to comport with the dictum of the court of appeals in Bush v. Rail-
road Co.; 166 N. Y. 210, 217, 59 N. E. 838, but the evidence warrants
the conclusion that only the front wheels of the engine were upon
the bridge at the time of its collapse, and hence it cannot be said
that the breaking of the bridge was caused by the transportation:

over it of a load exceeding four tons.  Bush v. Railroad Co., supra. The weight put upon the bridge is a matter of affirmative defense. It was so recognized and acted upon by the defendant, and yet the evidence fails to disclose that the bridge fell by reason of its being called upon to sustain a weight, either actual or constructive, equaling or exceeding four tons.  The mere fact that the engine and water tank were connected together, and that they might have been drawn over the bridge, is not sufficient to defeat the plaintiff's recovery, if she has produced evidence to show the negligence of the defendant, a sufficient notice, actual or constructive, and a lack of contributory negligence on the part of the plaintiff or her agents or representatives.  It must be shown that the bridge was subjected to a higher strain than that named in the statute, and the facts in the present case fail to meet this requirement.  We are satisfied that the plaintiff fairly sustained the burden of proof upon all of the material elements of her cause of action, and that the case was properly submitted to the jury, whose verdict, in the absence of legal error, must be conclusive.

Nor do we find legal error in the admission of evidence.  The admissions and declarations of the officers of the town after the accident were competent for the purpose of showing that the town, through its officers, had had notice of the condition of the bridge (Shaw v. Town of Potsdam, 11 App. Div. 508, 510, 42 N. Y. Supp. 779), and the fact that one of these officers was a supervisor does not alter the case.  As a member of the town board he is charged with the duty of taking part in the raising of money for the construction, repair, etc., of bridges and highways, and his declarations showing that his attention had been called to the condition of the bridge before the accident were properly admitted for the purpose of showing notice to the town, out of which its liability arises.  See concurring opinion of Herrick, J., in McMahon v. Town of Salem, 25 App. Div. 4, 49 N. Y. Supp. 310.  The cases relied upon by the defendant to establish a different doctrine are clearly distinguishable from the case at bar.  In Whitaker v. Railroad Co., 51 N. Y. 295, it was held that in an action brought under the provisions of a statute designed to govern the use of highways, to recover damages for a willful injury inflicted by a driver of defendant's carriage, the declarations of the driver were not competent evidence against the defendant unless it appeared affirmatively that they were made at the time the injury was inflicted; while in Furst v. Railroad Co., 72 N. Y. 542, where a witness was permitted to testify that the conductor of a car causing injury to the plaintiff's ward had said to him, after the accident, "He told me he thinks the driver did not look, or the child would not be run over," it was held that the conversation was improperly admitted as against the defendant.  This is quite a different matter, however, from the declarations of the officials of the town that they had had their attention called to the condition of this bridge, and that they had condemned it, because it was necessary for the plaintiff to show notice to the town; and, if the town officers knew of the condition of the bridge, it was some evidence of negligence,—the fact that it had been allowed to remain without the

necessary repairs. If the officers of the street railroads, in the cases above cited, had declared that the driver was negligent, the cases would be nearer an analogy, and a rule asserted by the courts would be controlling; but the cases relied upon have no bearing here.

The judgment and order appealed from should be affirmed, with costs.