(79 App. Div. 214.)

## LEE v. TOWN OF BERNE.

(Supreme Court, Appellate Division, Third Department. January 14, 1903.)

1. TOWNS—HIGHWAYS—DEFECTIVE BRIDGE—HIGHWAY COMMISSIONER—NEGLI-GENCE—EVIDENCE.

In an action for injuries caused by the giving way of a bridge, in which it was claimed that the highway commissioner of defendant town was negligent in not sooner repairing the bridge after an abutment had been washed away by flood, it appeared that the commissioner found the abutment gone on the 27th of September; that he then put up some rails across the end of the bridge to prevent travel, and on the next day notified the supervisors of the town of its condition. The town board assembled five days later, authorized the repairs, and four days after such authorization the repairs were made. Plaintiff was injured two days prior to the time the bridge was repaired. Twenty other bridges were injured by the same flood, and were reported for repair as impassable at the same time with the bridge in question. Held, that the highway commissioner was guilty of no negligence.

2. SAME—DEFENSES—LACK OF FUNDS.

Under Laws 1881, c. 700, making towns and not the commissioners of highways liable for injuries caused by defective roads or bridges, the fact that the highway commissioner is without funds to make needed repairs to a bridge is a defense to an action against the town for injuries caused by the giving way of a defective bridge.

Appeal from trial term.

Action by Darwin Lee against the town of Berne. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before PARKER, P. J., and SMITH, KELLOGG, and CHASE, JJ.

John D. White and Lewis E. Carr, for appellant.

Bailey & Dugan and John H. Dugan, for respondent.

PARKER, P. J. Upon the trial of this action the plaintiff claimed that the highway commissioner of the defendant was negligent in three different particulars, and evidence was given which he claimed tended to establish each. The first one was that the abutment of the bridge at its west end had been out of plumb since the spring of 1899, and was gradually leaning more and more towards the center of the stream, and that reasonable care and attention on the commissioner's part would have discovered and repaired it before the flood of September 27th, and that, had it been so repaired, the abutment would not have been affected by such flood. This question was properly left to the jury, but, if their verdict was to rest upon that claim alone, I am of the opinion that it should not be sustained. The clear weight of evidence is against such claim.

The next particular was that after the commissioner discovered on September 27th that the west abutment was washed out, and that the bridge at that end was sustained merely by the hold which the stringers

had upon the earth on which they caught, he did not properly and safely guard against the public's using it in ignorance of its unsafe condition. Although there is no claim in the complaint that the negligence which caused the injury was an omission to erect barriers sufficient to guard the public, after the bridge had been condemned, from using the same, yet both parties seem to have consented to that question being litigated, and it may fairly be considered as one of the issues tendered by the plaintiff, and one which it was proper to submit to the jury. An exception was taken by the defendant to two of the propositions charged by the court upon that subject; but I do not examine them, because I am of the opinion that the third claim of negligence made by the plaintiff, and which the court submitted to the jury, was not supported by evidence sufficient to warrant such submission.

On September 25th and 26th there was a heavy rain, which caused a flood in the creek over which the bridge passed. The flood caused the west abutment to fall into the creek. That end of the bridge, however, did not fall; it was supported by some earth or stones, upon which the stringers had caught, but such hold was not sufficient to support a load such as the plaintiff was carrying. On October 4th, when he drove onto it at the west end, it fell, and caused the injury of which he complains. When the plaintiff drove onto the bridge it was apparently in good order, but, in fact, the stone wall that composed the abutment was gone, and it was held up by a trifling and insufficient support. On the 27th of September, the commissioner examined many bridges in his district, and discovered some 20 which were in need of repair. He examined the one in question on that day, and found the abutment gone. The overseer of that district had put up some rails across the road at that end of the bridge, as a warning or barrier against traveling upon it; and the commissioner, on the next day, notified the supervisor of the town of the condition of it and other bridges, and asked him to call the town board together to grant permission to repair all of such bridges, under the emergency provisions of the statute. The town board assembled, in pursuance of such a call, on October 2d, and authorized the commissioner to make the repairs made necessary by the storm, and on the 6th of October the abutment was rebuilt and the bridge made safe. The commissioner does not testify that he had no money with which to repair this bridge immediately after he discovered that it was down. He offered to do so, but the evidence was excluded on the ground that no such defense had been pleaded. Concede that such evidence was properly excluded, yet it does appear without objection that he had 20 bridges to repair after that storm; that he condemned this bridge as impassable, and took some measures to shut it off from public travel; that he at once applied to the proper authority for leave to repair them all; that such permission was given him as soon as the board could reasonably be called together; and that as soon as such permission was given him he at once made the needed repairs.

Now, in the face of such facts, it cannot be said that he was negligent in not sooner rebuilding that abutment. He at once took the only steps that diligence required him to take, provided that he did not have sufficient funds; and it is not to be presumed that he did have

enough, and that his calling upon the town board for assistance was an idle ceremony. In the absence of any proof as to why a commissioner has not made the needed repairs it will not be presumed that he could not have done so; but when it appears that he at once applied to the town board for aid, and as soon as permission was given him did at once repair. it cannot be held that he was nevertheless negligent because peradventure he may have had sufficient funds and could have proceeded without its aid. A presumption that he had funds is repelled by the fact that he took measures to acquire them. And so, notwithstanding the fact that it was not pleaded, the evidence received without objection establishes a complete defense against the claim that he should have repaired the bridge between the 27th of September and the 4th of October. It may be that negligence should be predicated against him for not sufficiently protecting the public against the use of the bridge after it was condemned as an unsafe one. But I am very clear that he should not have been charged with negligence for not having sooner repaired it after the abutment was washed away; yet, at the request of the plaintiff, the trial court charged the jury as follows:

"Plaintiff's counsel requested the court to charge that it was the duty of the commissioner of highways to use due diligence, and that it is for the jury to say whether that diligence was observed when the notice was given and knowledge obtained eight days before the accident, with no effort to repair. (Charged. Defendant excepted.)"

Here was a clear instruction that they might find the commissioner negligent for his delay of eight days in rebuilding the abutment. That delay occurred entirely under the circumstances above stated, and should not, therefore, warrant any such conclusion. We cannot say but that the jury based their verdict upon this ground, and hence the exception which the defendant then took to such charge was well taken, and points to an error for which a new trial must be granted. The respondent's. claim that, since the statute allowing the action to be brought against the town, the fact that the commissioner was without funds to make the needed repair is no defense, is not the law. The Clapper Case, 131 N. Y. 382, 30 N. E. 240, is a sufficient authority against such contention.

The judgment and order must be reversed, and a new trial granted, costs to the appellant to abide the event.