## WALSH v. CARTER-CRUME CO., Limited.

(Supreme Court, Appellate Division, Fourth Department. May 6, 1908.)

1. EVIDENCE—ADMISSIONS OF AGENT AFTER EVENT.

> In an action by a servant for personal injuries caused by an unguarded machine, evidence of an admission made by defendant's superintendent after the injury that he knew before the accident that the guard was off, while competent as affecting the credibility of the superintendent, who as a witness had denied such knowledge, was inadmissible as a declaration binding on defendant for the purpose of establishing the controverted fact that its superintendent did have such knowledge.

> [Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, §§ 910, 912.]

2. TRIAL—RECEPTION OF EVIDENCE—WAIVER OF OBJECTION.

> The fact that when evidence of a statement by defendant's superintendent, admissible for a particular purpose only, was received, defendant did not insist that the jury be then informed as to the limited purpose for which it could properly be considered, did not result in a waiver of defendant's right to have the jury subsequently charged to that effect.

Appeal from Trial Term, Niagara County.

Action by John J. Walsh against the Carter-Crume Company, Limited. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Reversed, and new trial granted.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Alfred W. Gray, for appellant.
P. F. King, for respondent.

ROBSON, J. The injury for which plaintiff has recovered a verdict in this action could not have occurred if the knives of the machine with which he came in contact had been properly guarded. Defendant had supplied such a guard, but it was not in place at the time of the accident. Plaintiff claims that defendant should,

in the exercise of reasonable care, have caused the guard to be replaced in its proper position; and, having failed to do so, that it was guilty of negligence which occasioned his injury. The time when, and the purpose for which, this guard was removed, were matters of serious controversy on the trial, as well as the length of time during which the guard had been off immediately prior to the accident. Plaintiff sought to prove that the guard had not been in position for some hours prior to the accident, and that during that time defendant's superintendent, Bengough, passed and repassed near this machine, and should in the exercise of reasonable case have seen that the guard was off. This issue was actively litigated, and perhaps the evidence on this point presented a fair, though close, question of fact for the jury to determine. The superintendent, as a witness for defendant, testified in effect that he had no knowledge prior to the accident that the guard was not in place on the machine. On cross-examination he was asked if he had not after the accident stated otherwise, which he explicitly disclaimed. Plaintiff then produced a witness, the father of the plaintiff, who, without objection on the part of defendant, related a conversation which he says he had with Bengough, some time after the accident, in which, as the jury might have found, Bengough said he knew before the accident that the guard was off. This evidence might have been competent as affecting the credibility of Bengough as a witness; and, if limited to that purpose, could not properly have been excluded, even if defendant had then objected to its reception. It was not competent, however, as a declaration binding upon defendant for the purpose of establishing the controverted fact that its superintendent did have such notice and knowledge. Pfeffer v. Stein, 26 App. Div. 535, 50 N. Y. Supp. 516; Furst v. Second Avenue R. R. Co., 72 N. Y. 542. Such a declaration, if it had been made by the superintendent before the accident happened, would doubtless have been competent as tending to prove that he had notice of the defective condition of the machine; but an admission afterwards that he had known the fact stands, as was said in Chapman v. Erie Railway Co., 55 N. Y. 579–584, "upon a different footing." The jury was instructed by the court, in effect, that this alleged admission of the superintendent might be considered by them as evidence that he did in fact before the accident have actual notice of the absence of the guard. To this instruction of the court defendant excepted, and also to the refusal of the court to charge at defendant's request in effect that the superintendent's alleged statement was admissible only as affecting his credibility, and was not to be considered by the jury as evidence of the fact that he had knowledge of the absence of the guard prior to the accident.

We think the court should have acceded to this request of defendant, and have charged the jury to that effect. The evidence as to the superintendent's statement was properly admissible only as affecting his credibility as a witness; and would doubtless have been so limited at the time it was received, had the attention of the court been then directed to the point. But no right of defend-

ant was waived, and no right of plaintiff prejudiced because defendant did not then insist that the jury be then informed as to the limited purpose for which the evidence could properly be considered. The court's attention was called to the point, and the request for the proper limitation of the effect to be given the evidence was properly made before the jury was called upon to consider it; and the instruction asked for should then have been given.

Judgment and order reversed, and new trial granted, with costs. to appellant to abide the event.   All concur.