### HAYNER v. TOWN OF SCHAGHTICOKE.

(Supreme Court, Appellate Division, Third Department. May 6, 1908.)

1. HIGHWAYS—DEFECTS—INJURIES—ACTIONS—COMPLAINT.

Under Highway Law, Laws 1890, p. 1181, c. 568, § 16, making every town liable for damages sustained by any defect in its highways existing because of neglect of any commissioner of highways of the town, a complaint in an action against a town for injuries caused by a defective highway need not allege that the commissioner had funds to enable him to remedy the defect; a want of funds being a matter of defense.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 25, Highways, § 522.]

2. SAME.

A complaint in an action against a town for injuries caused by a defective highway, which alleges the negligence of the commissioner of highways in permitting the highway to remain in a dangerous condition, necessarily implies that he was in a position to act and ought to have acted, but failed to do so, and therefore alleges that he had funds with which to remedy the defect; for if he was without funds, or without the means to procure the same, he could not be negligent in failing to remedy the defect.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 25, Highways, § 522.]

Appeal from Trial Term, Rensselaer County.

Action by Lucas H. Hayner against the town of Schaghticoke. From a judgment of dismissal, plaintiff appeals. Reversed, and new trial granted.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

John W. Roddy, for appellant.
Arthur J. Case (Charles I. Webster, of counsel), for respondent.

SMITH, P. J. This is an action against a town to recover damages on account of injuries alleged to have been caused by the negligence of the commissioner of highways in permitting a certain road to remain in a dangerous condition. The only question upon this appeal is as to the ruling of the trial court, at the opening of the case, in granting defendant's motion to dismiss the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The complaint contained no allegation that the town highway commissioner had funds, and a nonsuit was granted on the authority of Eveleigh v. Town of Hounsfield, 34 Hun, 140. By chapter 700, p. 935, of the Laws of 1881, it was provided that towns should be liable on account of injuries from defective highways "in cases in which the commissioner or commissioners of highways of said towns are now by law liable therefor, instead of such commissioner or commissioners." The present highway law (Laws 1890, p. 1181, c. 568), which went into effect March 1, 1891, similarly provides in section 16:

"Every town shall be liable for all damages to person or property, sustained by reason of any defect in its highways or bridges, existing because of the neglect of any commissioner of highways of such town."

The Eveleigh Case was decided in 1884, and holds that prior to the passage of the act of 1881 it was the duty of the highway commissioners to repair defective roads if they had sufficient funds in their hands for such purpose, or authority to produce such funds, and that neglect of this duty rendered them liable to any person injured thereby; that in actions against highway commissioners for neglect of duty it was necessary to allege and prove the existence of such funds "as a condition precedent to the enforcement of any obligation on the part of the commissioners to repair"; and that accordingly the complaint was properly dismissed for not containing such a positive allegation. This case was approved a few years later in Lahah v. Town of Greig, 12 N. Y. St. Rep. 355. The earlier cases of Bartlett v. Crozier, 17 Johns. 439, 456, 457, 8 Am. Dec. 428, and Smith v. Wright, 27 Barb. 621, 631, 632, seem to hold the same doctrine. The Eveleigh Case does not appear to have been cited in the Reports, except in the one instance mentioned. It will also be noted that the opinion in support of the view as to funds in hand being a condition precedent (page 142 of 34 Hun) cites three cases, the latter two of which apparently do not involve any questions of pleading. The first case cited, that of People v. Adsit, 2 Hill, 619, held that in a criminal action against highway commissioners an indictment was demurrable that contained no averment that the defendants had funds for repairing the bridge. But the same court a year later, in Adsit v. Brady, 4 Hill, 630, 634, 40 Am. Dec. 305, explained the allegation of funds in hand, held necessary in the first Adsit Case, on the ground that that was a criminal proceeding. The opinion then proceeds:

"It has not yet been held that an individual pursuing a civil remedy must make such an averment; and as an original question I should think it enough to show that the law imposed the duty of repairing, and then leave it to the officer to excuse himself, if he can, by showing the want of funds."

· A number of 'cases are cited by appellant, among which are the following, holding that a lack of funds is a matter of defense: Bidwell v. Town of Murray, 40 Hun, 190, 196; Getty v. Town of Hamlin, 46 Hun, 1, 5; Clapper v. Town of Waterford, 131 N. Y. 382, 388, 389, 30 N. E. 240. The Third Department case of Lane v. Town of Hancock, 67 Hun, 623, 626, 22 N. Y. Supp. 470 (reversed on another point in 142 N. Y. 510, 37 N. E. 473), also under the old act of 1881, where the complaint did not allege funds, holds that lack of funds is a defense to be asserted and proved by defendant, . citing, among other cases, Adsit v. Brady and Clapper v. Town of Waterford. The same rule is laid down by cases under the present act. In Whitlock v. Town of Brighton, 2 App. Div. 21, 23, 37 N. Y. Supp. 333, affirmed 154 N. Y. 781, 49 N. E. 1106, the complaint contained an allegation that the commissioner had funds, or means to procure the same; but it was held that this did not require plaintiff affirmatively to establish the facts pleaded, because the want of funds is a matter of defense. To the same effect is the Third Department case of McMahon v. Town of Salem, 25 App. Div. 1, 2, 49 N. Y. Supp. 310, where the complaint alleged funds and a general denial was interposed, but the defendant was not allowed to prove lack of funds under its answer. The rule that want of funds is a defense. is also held in Quinn v. Town of Sempronius, 33 App. Div. 70, 75, 53 N. Y. Supp. 325; and the same doctrine is laid down in another Third Department case, Boyce v. Town of Shawangunk, 40 App. Div. 593, 602, 58 N. Y. Supp. 26, 32:

"But the want of funds by the highway commissioner with which to repair the bridge was a matter of defense to be established by the defendant"— citing the three cases last mentioned.

See, also, a later case to the same effect in this department, where the complaint contained apparently no allegation of funds in hand —opinion by Parker, P. J., Lee v. Town of Berne, 79 App. Div. 214, 216, 218, 80 N. Y. Supp. 107.

Moreover the same rule seems to be expressly recognized by the Court of Appeals. In an action against the city of New York to recover for services performed by drivers in the street cleaning department, where the statute provided that no liability should arise against the city in excess of the amount appropriated for the department by the board of estimate, it was held that lack of funds or a violation of the statute constituted matter by way of defense, and so could not be proved under a general denial. The opinion of the court, read by Judge Haight, in the course of the argument says:

"In so far as the highway laws are analogous to the question under consideration, the want of funds was always available only as a defense"—citing a number of the cases heretofore referred to. McNulty v. City of New York, 168 N. Y. 117, 124, 61 N. E. 111.

The complaint contained no allegation as to funds appropriated for street cleaning purposes, and available for the payment of plaintiff's claim, so that this case seems difficult to distinguish from the , one at bar. We accordingly think that the Eveleigh Case, and the other authorities relied on by the respondent, in so far as they tend

to uphold the nonsuit granted herein, must be deemed to have been overruled by the later cases to which reference has been made.

Furthermore as an original question we are of opinion that this nonsuit was wrong. The complaint alleges negligence on the part of the highway commissioner. If he was without funds, or without the means to procure funds, he assuredly was not negligent, having done all that he possibly could do in the matter, or, rather, being through no fault of his unable to do anything in the matter. It accordingly seems clear that an allegation of negligence on the part of an official in his official capacity must necessarily imply, and be understood as implying, that he was in a position to act, and ought to have acted, and yet failed so to act. Otherwise the allegation of negligence would be meaningless. A commissioner of highways is put in office to perform certain well-defined duties. He may have various valid excuses for nonperformance, which excuses may lie largely within his own knowledge only. But to hold that the existence of funds in his hands upon any particular occasion must be affirmatively pleaded and proved by the plaintiffs in these actions, rather than that the absence of funds should constitute a defense, to be alleged and proved by the defendant towns, seems conducive to an artificial form of pleading, and one which overlooks the real nature of a defense.

The judgment appealed from should be reversed, and a new trial granted, with costs to appellant to abide the event.

, Judgment reversed, and new trial granted, with costs to appellant to abide event. All concur.