## SUSIE McGUINNESS, RESPONDENT, *v.* THE TOWN OF WESTCHESTER, APPELLANT.

*Highway commissioners — their duties are not intermitted by the appointment of commissioners of improvement — accident on a highway — liability of the town.*

Susie McGuinness, who, while walking upon a public road of a town, fell into an excavation near the walk and was injured, brought an action against the town and recovered judgment therein.

The statute applicable to the action (Laws of 1890, chap. 568, § 16) makes a town liable for all damages to person or property sustained by reason of any defect in its highways or bridges existing because of the neglect of any commissioner of highways of such town.

At the time of the accident the road was undergoing repairs by commissioners of improvement, appointed under chapter 453 of the Laws of 1889, and the plaintiff fell into an excavation made by them.

*Held,* that the recovery by the plaintiff was proper.

*Semble,* that it was, however, an error, prejudicial to the plaintiff, for the court to charge the jury, in effect, that the statute of 1889 withdrew from the jurisdiction of the highway commissioners of the town any highway upon which commissioners of improvement had entered in the exercise of their statutory powers, and that, during their occupation, the town highway commissioners were relieved from the duty of caring for the highways. That the duty of the town highway commissioners was not thereby intermitted, but remained at all times.

*Semble,* that it was also an error, prejudicial to the plaintiff, for the court to charge the jury that the question was whether the accident happened in a part of the road or avenue which the commissioners of improvement had undertaken to improve, as the plaintiff was not bound to show that the accident occurred at some other part of the road, but was entitled to recover if she was injured in any part of the road which was dangerous.

The distinction between the liability of towns, under chapter 700 of the Laws of 1881 and that under chapter 568 of 1890, stated.

APPEAL by the defendant, the Town of Westchester, from a judgment of the Supreme Court, entered in the office of the clerk of the county of Westchester on the 21st day of June, 1892, upon a verdict for the plaintiff for $10,000, after a trial at the Westchester Circuit before the court and a jury; and also from an order, entered in said clerk's office on the 20th day of June, 1892, denying the defendant's motion for a new trial.

*Martin J. Keogh,* for the appellant.

*David H. Hunt,* for the respondent.

DYKMAN, J.:

The law imposed no liability upon the towns of this State for injuries resulting from defective highways prior to the year 1881. The underlying reason for such immunity was the theory of law that the highway commissioners, to whom the conservation of the roads and bridges was assigned, were in no legal sense the servants or agents of the town, and, therefore, the towns, as corporations, were not responsible for any default or malfeasance in the performance of their duties. (*Lorillard* v. *Town of Monroe,* 11 N. Y., 392.)

The statutes of this State, relating to roads and bridges, place upon the commissioners of highways the " care and superintendence of the highways and bridges " in the several towns, and as that duty was imposed upon such officers, and not upon the towns in their corporate capacity, the officers were liable individually for damages resulting from injuries sustained by their malfeasance or misfeasance.

Under the foregoing principle, actions were maintained against commissioners of highways individually for damage to persons and property caused by defective highways which had become so by their omission to repair, where they were provided with adequate funds for that purpose. (*Robertson* v. *Chamberlain,* 34 N. Y., 389.)

Finally, for the first time in the history of the State, a law was enacted in 1881, which rendered the several towns in this State liable, to any person suffering the same, for all damages to person or property, by reason of defective highways or bridges in such town, in cases in which the commissioner or commissioners of highways of said town are now by law liable therefor, instead of such com-

missioner or commissioners of highways. (Laws of 1881, chap. 700, § 1.) That statute remained in force until June 7, 1890, when it was repealed by chapter 568 of the Laws of 1890.

Section 16 of this last law reads as follows: "Every town shall be liable for all damages to person or property sustained by reason of any defect in its highways or bridges existing because of the neglect of any commissioner of highways of such town."

This section seems to have been enacted as a substitute for section 1 of the Laws of 1881. This suit was commenced in July, 1891, and is, therefore, under the control of the statute of 1890.

This action is for the recovery of damages resulting from an injury sustained by the plaintiff in consequence of a fall upon one of the public roads in the town of Weschester, known as Avenue C. It appeared from the testimony introduced by the plaintiff that she was walking upon the sidewalk of the avenue, in the evening, and fell into an excavation near the walk and broke the bone of her thigh and received some other injuries. These facts were undisputed. At the time of the accident the avenue in question was undergoing reparation under the direction of commissioners of improvement appointed under the authority of chapter 453 of the Laws of 1889. By that law such commissioners were clothed with power and authority over all the highways and streets in the town, outside of the corporate limits of any village, and to change the grade thereof, and it appeared, with reasonable certainty, that the depression into which the plaintiff fell was made by the improvement commissioners during the progress of their work upon the aveune.

It was, therefore, the contention of the defendant upon the trial, and upon this appeal, that the town was not liable for the defective condition of the avenue, because it was the result of the prosecution of the improvement by the commissioners, and cannot be assigned as negligence against the commissioners of highways or the town. The objection was overruled at the circuit and the plaintiff recovered a verdict, and the defendant has appealed from the judgment and from the order denying a motion for a new trial upon the minutes of the court.

By a careful examination of the case we can discover no avenue of escape from this judgment.

It is to be observed preliminarily that the charge of the trial judge, respecting the operation and effect of the statute of 1889, cannot be fully sustained.

The position assumed is, that the effect of the statute under which the improvement commissioners were appointed is to withdraw from the jurisdiction and control of the highway commissioners all highways upon which such improvement commissioners enter in the exercise of the powers conferred upon them by the statute, and that wherever such commissioners take possession of a highway for its reparation or improvement the powers of the highway commissioners are intermitted and their duties suspended; that the commissioners of highways of the town were relieved from the duty of superintending or caring for the highways which were in the possession of the improvement commissioners under the act. We think the position is untenable and the doctrine dangerous. There is nothing in the statute of 1889 which manifests the intention of the legislature to relieve the commissioners of highways from the care and control of the highways of the town of Westchester.

The law was not made for that town alone. It was made for all the towns in this State which fall within the scope of the title. Its object was to provide for the appointment of commissioners who should have power to examine and consider all matters relating to a supply of pure and wholesome water for the town; to the construction of sewers and opening and improving and lighting of streets in public places. But the roads and public places upon which these commissioners entered for the purpose of performing their duties under the law are not surrendered to them for any other purpose. They remain highways and public places still and subject to the control of the constituted authorities. It would be a great innovation upon our highway system, and the law pertaining thereto, to hold that these commissioners of improvement could break up a road for the purpose of improving its surface, or constructing sewers beneath it, and render it dangerous without imposing liability upon the town under the statute. It would be hostile to both principle and authority, and, if carried into practice, it would surrender the highways to persons who were charged with no duty in respect to them, and under no special obligation to maintain their integrity.

It would nullify the law which imposed liability for negligence,

and leave the persons who sustained damage thereby destitute of a remedy therefor.

Where improvements are in progress, it is always the duty of the officials in charge of streets and highways to guard them for the protection of travelers. (*Turner* v. *Newburgh*, 109 N. Y., 301.) And, if necessary to prevent accidents, to close them. (*Russell* v. *Canastota* 98 N. Y., 496.)

In the case of *Pettengill* v. *Yonkers* (116 N. Y., 558), an excavation had been made in the street by the board of water commissioners to receive water pipes, and the material from the trench was thrown upon the street. The vehicle in which the plaintiff was riding came in contact with such material, and was overturned and she was injured. That case was quite analogous to this, and the court held that where improvements, either public or private, were in progress which caused obstructions in the street, it was the duty of the city to guard them so as to protect travelers from injury therefrom.

*Bryant* v. *Town of Randolph* (133 N. Y., 70) was an action for the recovery of damages for the death of the plaintiff's intestate, and the negligence charged was the omission of the commissioners of highways to maintain guards along the embankment constructed by a railroad company, whose road crossed the highway, to raise the same to the grade of the railroad. The contention there was that no responsibility rested upon the commissioners of highways for the condition of the embankment, because they were constructed by the railroad company under compulsion of a statutory duty. The defense was disallowed, and the court there held that the provisons of the statute imposing upon railroad companies, which construct their lines across a highway, the duty to restore the same " to its former state, or to such state as not necessarily to impair its usefulness," does not relieve commissioners of highways from the care and control of those parts of public highways constituting an approach to railroad crossings, although constructed by a railroad company in discharge of its statutory duty.

The trial judge also charged the jury that the question was whether the accident happened in a part of the avenue which the improvement commissioners undertook to improve. That charge imposed a burden upon the plaintiff which she was not bound to sustain.

It required the jury to find that the trench into which the plaintiff fell was at a place in the possession of the commissioners of highways, and from which they had not been ousted by the commissioners of improvement.

It circumscribed the legitimate scope of inquiry unduly, for the plaintiff was entitled to recover if she was injured in any part of the avenue which was dangerous. What has already been said is sufficient to manifest the error into which the trial judge inadvertently fell. It cannot inure to the benefit of the defendant on this appeal, because it was in its favor and afforded the jury an opportunity to find a verdict for the defendant upon an erroneous ground, because if the jury had found that the defect was in a part of the avenue which was in the possession of the improvement commissioners a verdict might have passed to the defendant upon that ground. So the field of inquiry was unduly limited by the charge, but it was not harmful to the defendant as we have seen and constitutes no ground of error available to the town.

These remarks have been made because we wish our reasons for affirming the judgment distinctly understood. We intend to decide that the commissioners of highways of the town were not superseded by the commissioners of improvement, and that the statute of 1889 was not designed to, and did not abridge the powers or diminish the duties of the highway commissioners, but that it was the continuing duty of such commissioners to maintain a highway in a safe condition for public travel, and to exercise reasonable diligence to accomplish that end, and a failure to perform such duty was negligence. The phraseology of the statute of 1881 and that of 1890 differs. The former imposes liability upon the town in cases in which commissioners of highways were by law liable at that time, and substitutes a corporate liability of the town for the individual liability of the commissioners. The law of 1890 lays responsibility upon the town for damages to persons and property sustained by reason of any defect in its highways and bridges existing because of the negligence of any commissioner of highways of such town. Yet the two are designed to accomplish the same purpose, and now, as before, the negligence of the highway commissioners is an important element in all cases under the statute.

Upon that question the charge was faultless. The motion for a nonsuit and request to charge, and the exceptions were all based upon the statute of 1889, and its effect upon the duty of the highway commissioners of the town.

No question was raised respecting the action of such commissioners or in respect to contributory negligence of the plaintiff. The disposition of the appeal, therefore, depends upon the statute of 1889, and that question has received careful examination.

The judgment and order should be affirmed, with costs.

PRATT, J., concurred; BARNARD, P. J., not sitting.

Judgment and order denying new trial affirmed, with costs.