JESSE L. VAN GAASBECK, Respondent, *v.* THE TOWN OF SAUGERTIES, Appellant.

*Personal injuries resulting from the absence of barriers on a highway — the question of negligence is for the jury to determine.*

Negligence on the part of a commissioner of highways may consist as well in the omission to erect barriers in dangerous places in a highway as in leaving the bed of the highway defective, and it is a question of fact for the jury to determine, upon the trial of an action, whether a town was or was not negligent in failing to erect suitable railings or barriers along the side of a highway.

APPEAL by the defendant, The Town of Saugerties, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Ulster on the 18th day of December, 1893, upon the verdict of a jury, rendered after a trial at the Ulster Circuit, and also from an order made at the Ulster Circuit on the 12th day of December, 1893, and entered in said clerk's office, denying the defendant's motion for a new trial made upon the minutes.

*Charles Davis* and *P. Cantine*, for the appellant.

*Carroll Whitaker* and *John J. Linson*, for the respondent.

HERRICK, J.:

This is an appeal from a judgment in favor of the plaintiff and against the defendant for $1,600.55 damages and costs, and from an order denying a motion for a new trial.

The action is brought against the defendant for the neglect of the highway commissioner of the defendant to properly maintain the highway, or a portion thereof, between the city of Kingston and the village of Saugerties.

The highway in question is a much used highway. For a distance of several hundred feet within the town of Saugerties the highway runs along the Esopus creek, and at a distance therefrom of from 100 to 200 feet. The road is at a considerable elevation above the creek, the descent thereto being quite sharp. The ground also rises from the road upon the side furthest from the creek with about equal abruptness. Upon the side of the road nearest the creek, for a distance of several hundred feet, there is a retaining wall, and the perpendicular distance from the surface of the road to the base of the retaining wall is between four and five feet.

The portion of the road described is quite densely shaded by trees. At the point where the accident happened the roadway is about fourteen feet in width.

On a dark, misty, drizzling night, the plaintiff, in endeavoring to drive over this road with a horse and wagon, went off the side of the road over the retaining wall, and received injuries for which this action is brought.

There were no guard rails or barriers upon the side of the road towards the creek, and it does not appear that there ever had been any. It appears in evidence that during the last five years, to which period of time the court limited the inquiry, there had been several accidents to persons at the locality described by driving off the side of the road. It also appears that the commissioner of highways of the town had been notified upon one or more occasions that it was a dangerous locality and should be protected.

There was evidence sufficient, I think, to warrant the jury in finding that the plaintiff was not guilty of contributory negligence.

There was evidence to show that for several years prior to the happening of the accident the commissioner of highways had annually sums varying from between $2,000 and $3,000 to between

$4,000 and $5,000, which were expended in opening new roads, grading hills, filling up hollows or valleys and erecting iron bridges; so that the question as to whether there was sufficient money in the hands of the commissioner to put the road in proper condition does not, it seems to me, arise.

The question as to whether the road at the place described was dangerous was one of fact for the jury.

" Negligence on the part of a commissioner of highways may consist as well in the omission to erect barriers in dangerous places in a highway as in leaving a bed of the highway defective." (*Bryant* v. *Town of Randolph*, 133 N. Y. 70–76; *Ivory* v. *Town of Deerpark*, 116 id. 476.)

And it is a question of fact for the jury to determine whether defendant was or was not negligent in failing to erect suitable railings or barriers along the side of the highway. (*Wood* v. *Town of Gilboa*, 76 Hun, 175.)

And upon both of these questions, as to whether it was a dangerous locality and whether it was negligence not to erect some kind of a barrier, there was some evidence to submit to the jury.

These questions were very clearly and fairly submitted by the trial court, and I can see no reason for differing from the conclusions at which the jury arrrived.

Judgment should be affirmed, with costs.

PUTNAM, J., concurred ; MAYHAM, P. J., concurred in the result.

Judgment affirmed, with costs.