## WHITLOCK v. TOWN OF BRIGHTON.

(Supreme Court, Appellate Division, Fourth Department. February 7, 1896.)

1. DEFECTIVE HIGHWAYS—LIABILITY OF TOWN—EVIDENCE.
    In an action for injuries caused by a defect in a highway, though the complaint allege that the commissioner had in his possession adequate funds, or the means to procure the same, to defray the expenses of repairs, plaintiff need not affirmatively prove such fact.

2. SAME—WANT OF FUNDS TO REPAIR.
    That, at the time of an injury caused by a defect in a highway, the highway commissioner was without funds to repair, does not exempt the town from liability, where the defect has existed for upward of a year, to the knowledge of the commissioner.

3. SAME.
    To exempt a town from liability for injuries caused by a defect in a highway which had existed for upward of a year, on the ground of a want of means in the hands of the highway commissioner to repair the defect, the town must show that the commissioner attempted to avail himself of the right given by Laws 1890, c. 568, § 10, as amended by Laws 1892, c. 686, to make the repairs, with the consent of the town board, the expenditure for which would have been a claim against the town, which it would have been obliged to reimburse him for.

Appeal from circuit court, Monroe county.

Action by Catherine A. Whitlock against the town of Brighton. From a judgment entered on a verdict in favor of plaintiff for $3,000, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

On the 21st day of January, 1893, the plaintiff was walking along one of the highways in the town of Brighton. There had been a heavy fall of snow the night before, reinforcing snow already upon the ground; and, as she reached a bridge over one of the streams crossing the highway upon which she was walking, she was overtaken by a gentleman in a sleigh, driving his horse

upon a trot. As she stepped out of the beaten path to allow him to pass,. her foot and leg passed through a hole in the bridge, and she received the injuries of which she complains. The hole detained her leg in the bridge so that she could only be released therefrom by the gentleman's going to the neighbors, and obtaining an ax and cutting away a portion of the wood of the bridge. The evidence tended to show that the hole had continued in the bridge, in practically the same condition as it was at the time of this injury, since some time in the fall of 1891, and that the commissioner had been notified of its existence, and the necessity of reparation. It also appeared that after the plaintiff's injuries an abcess formed upon the injured member, which was subsequently lanced, but it continued to discharge, and was treated by a physician for nearly two months, and that during the greater portion of this time she was confined to her bed, and suffered to such an extent that at one time her life was despaired of.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN,. and WARD, JJ.

Theodore Bacon, for appellant.
William F. Cogswell, for respondent.

ADAMS, J.   It was incumbent upon the defendant, through its commissioner of highways, to employ all reasonable efforts to keep its highways and bridges in a proper state of repair; and this action is brought upon the theory that the defendant has been guilty of an omission of its duty in this regard.   The question of the defendant's negligence, as well as that of any want of care on the part of the plaintiff which may have contributed to the injury of which she complains, was submitted to the jury, as was also the question of the extent of the plaintiff's injuries;  and, as the evidence in the case is ample to justify the conclusion reached, their verdict must be regarded as controlling upon these issues.   Several questions, however, are presented upon this appeal which arise upon exceptions taken during the progress of the trial, and more particularly to certain portions of the charge of the learned trial justice, and to his refusal to charge in accordance with the various requests made by the defendant's counsel.

The exception upon which the defendant apparently relies with some confidence, and the only one which we think requires any especial consideration from this court, is that which relates to what was said by the trial justice in regard to the liability of the defendant, in view of the fact that it was claimed the evidence showed the commissioner was not in possession of any funds available for highway reparation, although it is quite likely that the same question was involved in the defendant's motion for the dismissal of the complaint at the close of the evidence.   It appears that the plaintiff's complaint contains an allegation that the commissioner of highways had in his possession adequate funds, or the means to procure the same, to defray the expense of proper repairs to the bridge in question.   This, however, did not require that the plaintiff should affirmatively establish the facts pleaded, because, as had been repeatedly held, the want of funds or the means of procuring the same is always a matter of defense.   Bidwell v. Town of Murray, 40 Hun, 190;  Getty v. Town of Hamlin, 46 Hun, 1;  Hover v. Barkhoof, 44 N. Y. 113–118;  Clapper v. Town of Waterford, 131 N..

Y. 382, 30 N. E. 240. In other words, to relieve the defendant from liability to one who has been injured by neglect of its highway commissioner to repair a defect known by him to exist in a public highway, it is not sufficient to show that the commissioner had no funds in his possession wherewith to cause the necessary repairs to be made, but it must also be shown that he had sought, through the proper channels, to procure the same. It did appear upon the trial of this action that at the time this accident occurred the commissioner was not in possession of any funds with which to repair the defect in this bridge; but it also appeared that the defect had existed for upward of a year prior to the accident, and that the commissioner had actual knowledge of its existence. With these facts established, it is hardly sufficient to say that the necessary funds were lacking at the time the plaintiff received her injury, for it is manifest that at some time during the existence of this defect—that is, within a year preceding the accident—the commissioner must have been possessed of ample means to repair the same; and this, of itself, would seem to be a perfect and complete answer to the claim which is now made. But, were this not the case, the opportunity to obtain sufficient funds for such purpose was clearly available to him. The learned trial justice, in that portion of his charge which is criticised, said to the jury that where a commissioner discovered that a bridge needed repairing, and had no funds in his hands for that purpose, he might apply to the town board for permission to repair it, and, if the town board gave its permission, he might pledge the credit of the town for such repairs. Strictly speaking, the last part of this statement was possibly a trifle inaccurate, but the court doubtless had in mind the provisions of the statute which enable the commissioner, with the consent of the town board, to make such repairs as are necessary to the highways and bridges within his territorial jurisdiction, although he has no funds available therefor; and, had he taken this step, the expenditure made by him would have been a claim against the town, which it would have been obliged to reimburse him for. Laws 1890, c. 568, § 10, as amended by Laws 1892, c. 686, p. 2183. Thus, it will be seen that practically the credit of the town is pledged for the expense of necessary repairs. Having this means at his command, it was obligatory upon the defendant to show that he had availed himself of it; and, failing so to do, it was clearly a neglect of a duty which was owing to this plaintiff, as well as to every other person who had occasion to travel over this bridge. Warren v. Clement, 24 Hun, 472, and cases there cited. We conclude, therefore, that the learned trial justice committed no error in submitting this question to the jury, and that no sufficient reason is presented for disturbing the verdict rendered. The judgment and the order appealed from should consequently be affirmed.

Judgment and order affirmed, with costs. All concur.