DIADANA YOUNG, Appellant, _v._ THE TOWN OF MACOMB, Respondent.

_Highway Law — the test of the liability of a town is the negligence of the commissioner of highways — when he has not been negligent — his discretionary right in making repairs — specific requests to charge waive others._

The Highway Law (Laws of 1890, chap. 568, § 16) makes the test of the liability of a town, for an accident caused by a defective highway, the negligence of its commissioner of highways and not that of the town.

It is within the discretion of commissioners of highways of a town, where they have not sufficient funds in their hands to make all needed repairs, to apply the funds in making such repairs as in their judgment are most urgently needed, and they are not responsible for an error in judgment in doing so.

Where, at the time of an accident, resulting from the lack of sufficient barriers at the approach to a bridge, the commissioner of highways has no funds, and has not been negligent in making efforts to obtain further funds, there exists no basis upon which a liability can be created against the town in the premises.

Where a party requests that certain specified questions be submitted to the jury, which requests are properly denied, it will be assumed that he intends to waive the submission of other questions not embraced in such requests, and a refusal to submit the case to the jury is proper.

APPEAL by the plaintiff, Diadana Young, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of St. Lawrence on the 26th day of October, 1895, upon a nonsuit granted by the court after a trial at the St. Lawrence Circuit before the court and a jury.

_Malby & Lucey_, for the appellant.

_Conger & Orvis_, for the respondent.

MERWIN, J.:

On the 12th of August, 1893, the plaintiff and her husband were riding in a one-horse carriage along the approach to a bridge in the town of Macomb. The horse became frightened and backed off the side of the approach, and all went into the water and mud. For the injuries received, this action is brought to recover damages. It is claimed that the defendant or its commissioner of highways was negligent in not having sufficient barriers or guards on the side of the approach.

At the close of the evidence on the part of plaintiff the court held,

in denying defendant's motion for a dismissal of the complaint, that the question of the sufficiency of the barriers was one for the jury. Evidence was then given showing that, at the time of this accident, the commissioner of highways had in his hands no funds. He had expended the entire appropriation or made contracts which called for the expenditure of the whole.

At the close of the evidence the motion for a dismissal of the complaint was renewed, upon the grounds, among others, that it appeared that the highway commissioner had no funds properly applicable to the erection of any barriers or making any change or repairs to the bridge, and that upon the whole evidence the commissioner was not guilty of any negligence. This motion was granted, mainly on the ground that the commissioner had not funds and was not negligent as to the funds. The plaintiff excepted to the ruling and requested the court to submit the case to the jury upon these questions: (1) The negligence of the town in not maintaining suitable and proper barriers at the place of the accident. (2) Whether, during the fourteen years last past, the highway commissioner and the town have discharged their duty in a proper and legal manner with reference to the distribution of funds in the repair and maintenance of highways and bridges of the town to the exclusion of the bridge in question. (3) Whether or not the commissioner did not have funds at some time prior to the accident, and during the continuance of the condition of the barrier to this bridge, to repair or replace the same with something suitable and proper to the place.

The first two requests were not proper, as by them the jury would be called upon to say whether the town was negligent. The negligence of the town is not the test. The town is only liable for damages sustained by reason of a defect, " existing because of the neglect of any commissioner of highways of such town." (Highway Law [Laws of 1890, chap. 568], § 16.) Nor was the plaintiff entitled to have the third request granted. It was broader than would be proper under any view of the evidence. The bridge was built in 1881, and a barrier was then placed on the approach, which continued there up to the time of the accident, in the same condition as when placed there, except that it appears that at the time of the accident the timber which constituted the barrier was somewhat

decayed. It seems to have been adequate up to that time, and no complaint was made to the commissioner on the subject. " It is within the discretion of commissioners of highways of a town, where they have not sufficient funds in their hands to make all needed repairs, to apply the funds in making such repairs as in their judgment are most urgently needed, and they are not responsible for an error in judgment in doing so." (*Monk* v. *Town of New Utrecht,* 104 N. Y. 552.)

No error was, I think, committed in refusing the requests that were made.

It may be that the question whether the highway commissioner had used reasonable diligence to obtain funds was for the jury (*Clapper* v. *Town of Waterford,* 131 N. Y. 382), but no request was made to have this question submitted to the jury.

" Where a party requests certain specified.questions to be submitted to the jury, for which there is no valid ground, it will be assumed that he intends to waive the submission of other questions, and a refusal to submit the case to the jury is proper." (*Dounce* v. *Dow,* 64 N. Y. 411. See, also, *O'Neill* v. *James,* 43 id. 84; *Spiridon* v. *Watson,* 50 N. Y. Super. Ct. [18 J. & S.] 494; *Filippini* v. *Stead,* 4 Misc. Rep. 405.) Under these authorities the plaintiff cannot complain of the conclusion of the court that the commissioner was not negligent in failing to obtain further funds.

If the commissioner did not have funds, and was not negligent in not making further efforts to obtain them, a basis for liability against the town would not exist. (*Clapper* v. *Town of Waterford, supra.*)

No good ground for reversal is apparent, and the judgment should be affirmed.

All concurred, except LANDON, J., not sitting.

Judgment affirmed, with costs.