## YOUNG v. TOWN OF MACOMB.

(Supreme Court, Appellate Division, Third Department. December 2, 1896.)

1. HIGHWAYS—DEFECTS—LIABILITY OF TOWN.
   In an action against a town for injuries caused by a defective highway, a request to submit to the jury the question whether the town was negligent was properly refused, since the liability of a town for defective highways is predicated on the neglect of the highway commissioner (Laws 1892, p. 2185, § 16), and therefore the negligence of the town is not the test.

2. SAME—NEGLIGENCE OF COMMISSIONERS—ERROR OF JUDGMENT.
   A town is not responsible for an error of judgment on the part of the commissioner of highways in applying the funds at his disposal to the repair of highways and bridges other than the bridge at which plaintiff was injured, where there is nothing to show that prior to the accident the approaches to the bridge were known to be defective, or that any complaint had been made in relation thereto.

3. TRIAL—SUBMISSION OF ISSUES—WAIVER.
   A request to submit to the jury specified questions waives the submission of all other questions.

Appeal from circuit court, St. Lawrence county.

Action by Diadana Young against the town of Macomb. From a judgment entered on a nonsuit, the plaintiff appeals. Affirmed.

Argued before PARKER, P. J., and HERRICK, PUTNAM, and MERWIN, JJ.

Malby & Lucey, for appellant.
Conger & Orvis, for respondent.

MERWIN, J. On the 12th August, 1893, the plaintiff and her husband were riding in a one-horse carriage, along the approach to a bridge in the town of Macomb. The horse became frightened, and backed off the side of the approach, and all went into the water and mud. For the injuries received, this action is brought to recover damages. It is claimed that the defendant or its commission-

er of highways was negligent in not having sufficient barriers or guards on the side of the approach.   At the close of the evidence on the part of plaintiff, the court held, in denying defendant's motion for a dismissal of the complaint, that the question of the sufficiency of the barriers was one for the jury.   Evidence was then given showing that, at the time of this accident, the commissioner of highways had in his hands no funds.   He had expended the entire appropriation, or made contracts which called for the expenditure of the whole.   At the close of the evidence, the motion for a dismissal of the complaint was renewed, upon the grounds, among others, that it appeared that the highway commissioner had no funds properly applicable to the erection of any barriers or making any change or repairs to the bridge, and that, upon the whole evidence, the commissioner was not guilty of any negligence.   This motion was granted, mainly on the ground that the commissioner had not funds, and was not negligent as to the funds.   The plaintiff excepted to the ruling, and requested the court to submit the case to the jury upon these questions:   (1) The negligence of the town in not maintaining suitable and proper barriers at the place of the accident;   (2) whether, during the 14 years last past, the highway commissioner and the town have discharged their duty in a proper and legal manner with reference to the distribution of funds in the repair and maintenance of highways and bridges of the town, to the exclusion of the bridge in question;   (3) whether or not the commissioner did not have funds at some time prior to the accident, and during the continuance of the condition of the barrier to this bridge, to repair or replace the same with something suitable and proper to the place.

The first two requests were not proper, as by them the jury would be called upon to say whether the town was negligent.   The negligence of the town is not the test.   The town is only liable for damages sustained by reason of a defect "existing because of the neglect of any commissioner of highways of such town."   Highway Law, § 16 (Laws 1892, p. 2185).   Nor was the plaintiff entitled to have the third request granted.   It was broader than would be proper under any view of the evidence.   The bridge was built in 1881, and a barrier was then placed on the approach, which continued there up to the time of the accident, in the same condition as when placed there, except that it appears that at the time of the accident the timber which constituted the barrier was somewhat decayed.   It seems to have been adequate up to that time, and no complaint made to the commissioner on the subject.   "It is within the discretion of commissioners of highways of a town, where they have not sufficient funds in their hands to make all needed repairs, to apply the funds in making such repairs as, in their judgment, are most urgently needed, and they are not responsible for an error in judgment in doing so."   Monk v. Town of New Utrecht, 104 N. Y. 552, 11 N. E. 268.   No error was, I think, committed in refusing the requests that were made.

It may be that the question whether the highway commissioner had used reasonable diligence to obtain funds was for the jury (Clapper v. Town of Waterford, 131 N. Y. 382, 30 N. E. 240); but no re-

quest was made to have this question submitted to the jury. "Where a party requests certain specified questions to be submitted to the jury, for which there is no valid ground, it will be assumed that he intends to waive the submission of other questions, and a refusal to submit the case to the jury is proper." Dounce v. Dow, 64 N. Y. 411. See, also, O'Neill v. James, 43 N. Y. 84; Spiridon v. Watson, 50 N. Y. Super. Ct. 494; Filippini v. Stead, 4 Misc. Rep. 405, 23 N. Y. Supp. 1061. Under these authorities, the plaintiff cannot complain of the conclusion of the court that the commissioner was not negligent in failing to obtain further funds. If the commissioner did not have funds, and was not negligent in not making further efforts to obtain them, a basis for liability against the town would not exist. Clapper v. Town of Waterford, supra. No good ground for reversal is apparent, and the judgment should be affirmed.

Judgment affirmed, with costs. All concur.