(29 Misc. Rep. 583.)

BOLDT v. EPSTEIN.

(City Court of New York, General Term. November 16, 1899.)

TRIAL—NONSUIT—REQUISITES OF MOTION.
    A motion for nonsuit on the ground that the proof fails to sustain the allegations of the complaint must specify the omissions relied on, so that they can be supplied if possible.

Appeal from trial term.

Action by Herman J. Boldt against David Epstein. From a judgment entered upon dismissal of complaint, plaintiff appeals. Reversed.

Argued before FITZSIMONS, C. J., and McCARTHY and CONLAN, JJ.

Joseph H. Fargis, for appellant.
Wahle & Stone, for respondent.

FITZSIMONS, C. J. The plaintiff sued to recover for professional services, as a physician and surgeon, rendered to the defendant's wife at his request. The complaint alleges "that this plaintiff, as such physician and surgeon, rendered services to the defendant at his request, by making twenty-three visits while in attendance upon said defendant's wife, within the six years last past, to wit, between the 1st day of February, 1892, and the 1st day of April, 1892, at $5 per visit." It further alleges that there is now due and owing on said account $115. The answer denies these allegations of the complaint, and pleads a special contract whereby the plaintiff agreed, in consideration of $200, to perform an operation on the wife of the defendant, warranting that it would be successful, and, if it did not prove so, he would perform the operation again, but no extra compensation was to be charged therefor, and that the operations were unsuccessful. At the trial the plaintiff testified that he had received the $200 for the operation, and that the agreement was that he was to have that sum, and to charge for his subsequent visits, after the operation, $5 apiece. He then testified that he made 23 visits under this arrangement, which, at $5 a visit, made $115, the amount sued for. Upon the conclusion of the plaintiff's evidence, his complaint was dismissed upon the ground that he had not sufficiently sustained the allegations of his complaint.

The defendant failed to specify any defects in the plaintiff's proof, so that he might supply the omission (Quinlan v. Welch, 141 N. Y. 158, 165, 36 N. E. 12); nor has any specific defect been pointed out by the respondent in his brief. The plaintiff fully sustained the allegations of his complaint, and the exception to the dismissal presents error, for which the judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.