(55 App. Div. 111.)

CONEY v. TOWN OF GILBOA.

(Supreme Court, Appellate Division, Third Department. November 16, 1900.)

HIGHWAYS—DEFECTS—NEGLIGENCE—QUESTION FOR JURY.

Whether reasonable care for the safety of travelers required a barrier at the side of the road, where plaintiff was injured, and whether the commissioners of highways were negligent in not maintaining one, are questions for the jury; there being evidence on which they could properly find for plaintiff.

Kellogg, J., dissenting.

Appeal from trial term, Schoharie county.

Action by John Coney against the town of Gilboa for damages for injuries received by plaintiff on a highway of defendant because of alleged negligence of the commissioners of highways. From a judgment dismissing the complaint on a nonsuit, plaintiff appeals. Reversed.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, MERWIN, and SMITH, JJ.

C. L. Andrus, for appellant.

Eugene E. Howe, for respondent.

PARKER, P. J. It must be deemed settled that, as a general rule, the necessity for barriers, and the question whether commissioners were negligent in omitting to supply them and keep them in repair, is a question of fact for a jury. Wood v. Town of Gilboa, 76 Hun, 175, 27 N. Y. Supp. 586; Van Gaasbeck v. Town of Saugerties, 82 Hun, 417, 31 N. Y. Supp. 354; Bryant v. Town of Randolph, 133 N. Y. 70, 30 N. E. 657; Ivory v. Town of Deerpark, 116 N. Y. 476, 22

N. E. 1080. But, as is said in the case of Lane v. Town of Hancock, 142 N. Y. 510, 37 N. E. 475:

"There is always a preliminary question for the court, as to whether there is any evidence upon which a jury could properly find a verdict for the party producing it, and upon whom the burden of proof is imposed. If there is not, the court must direct a nonsuit or a verdict, as the case may require."

It is in applying this preliminary question to the facts of each particular case that confusion has arisen in the decisions upon this subject, and we could not expect it to be otherwise. Each case has its own peculiarities, and naturally such peculiarities make different impressions upon different minds. It would be a burdensome, and, I am inclined to think, a hopeless, task to try and reconcile all the cases, and I shall make no effort to do so in this opinion. It is sufficient to say that we think, upon the facts as presented in the record before us, that the jury should have been allowed to pass upon the questions thereby presented.

It is urged by the respondent's counsel that this accident comes within the class referred to in Hubbell v. City of Yonkers, 104 N. Y. 434, 10 N. E. 858, and Glasier v. Town of Hebron, 131 N. Y. 447, 30 N. E. 239, and that therefore negligence cannot be predicated against the commissioners. We are of the opinion that there are features in this case not to be found in those referred to, and which a jury might properly consider in determining the question of the commissioners' negligence. The place where this accident occurred was but a short distance from a village, and was at the foot of a steep ascent, where the road was somewhat curved, and over which a great deal of travel passed. A more detailed analysis of the evidence here would probably not be fair for either party, in the event that another trial is had. I will only say that, in our judgment, it was a question of fact for the jury whether, under all the circumstances of this case, reasonable care for the safety of travelers required the maintenance of a barrier at the place in question, whether the commissioners were or were not negligent in not maintaining one, and whether the plaintiff's injury was or was not caused by their neglect.

The judgment of nonsuit must therefore be reversed, and a new trial granted; costs to abide the event.

KELLOGG, J. (dissenting). I think the judgment of nonsuit was right. The test of the safety of a highway cannot be its capacity to guide and carry safely a loaded, uncontrollable wagon running by gravity backward down a steep hill. This accident is of such unusual character that it cannot be imputed as negligence on the part of the highway commissioners not to have anticipated it. Nor is there any evidence from which the jury had a right to find that, had there been at the place of the accident any obstacle, bunker, or barrier, the accident would not have happened. It is only against the accidents which are likely to happen that the commissioners are called upon to make provision.