·(67 App. Div. 337.)

### PELKEY v. TOWN OF SARANAC.

(Supreme Court, Appellate Division, Third Department.   December 7, 1901.)

:1. BRIDGES—PROTECTION AT SIDES—NEGLIGENCE—QUESTION FOR JURY.
   Where deceased, while crossing, on a dark night, a bridge 27 feet long, 13 feet wide, and 10 feet above the bed of the stream, with no railings or guards, drove off the side, and was killed, the question of negligence of the highway commissioners in omitting to place some guard rail or protecting barrier along the side of the bridge is for the jury.

-2. SAME.
   The fact that there were 50 to 70 similar bridges in a town requiring the attention of the highway commissioner does not acquit him of negligence in omitting to place some guard rail or barrier along the sides of a bridge 27 feet long, 13 feet wide, and 10 feet above the bed of the stream.

.3. SAME.
   The fact that this and many similar bridges had been in use in the town for many years without protection or causing an accident, does not justify the highway commissioner in omitting to place guard rails, or some protection, along the sides of a dangerous bridge.

·4. COSTS—SECURITY—FOREIGN ADMINISTRATOR.
   The provisions of Code Civ. Proc. § 3268, that nonresident plaintiffs shall give security for costs, do not apply to foreign administrators, and the requirement of such security rests in the discretion of the court, under section 3271, providing that in actions by or against administrators the court may, in its discretion, require plaintiff to give security for costs.

Appeal from special term.

Action by Napoleon Pelkey, as administrator of the estate of Gilbert Pelkey, deceased, against the town of Saranac.   From a judgment for plaintiff, defendant appeals.   Affirmed.

The action is brought by the administrator of Gilbert Pelkey, deceased, who, in an effort to drive a team of horses attached to a wagon across a bridge in a highway in the defending town, on a dark night, drove off from the side into the creek below, and received injuries from which he died. This action is brought by his administrator to recover against the town damages for causing his death, on the theory that the commissioner of highways of the town had negligently omitted to place a rail or barrier along the side of said bridge to protect against driving off therefrom.   The action was tried before the court and a jury, and a verdict was rendered for the plaintiff for the sum of $500.   From the judgment entered thereon, and from an order denying a motion for a new trial, this appeal is taken.

Argued before PARKER, P. J., and SMITH, EDWARDS, CHASE, and HOUGHTON, JJ.

T. F. Conway, for appellant.
L. L. Shedden, for respondent.

PARKER, P. J.   The question presented by this record is whether the highway commissioner of the town of Saranac can be charged with negligence for omitting to place some guard rail or protecting

barrier along the sides of the bridge in question. The jury have said that he was. Can we say, as matter of law, that he was not? It is not disputed but that the bridge was about 27 feet long and 13 feet wide, and was 10 feet above the bottom of the stream below. If a man drove off there, he was more than likely to be seriously, if not fatally, injured. And that, in a dark night, there was danger that any one might so far wander from the center of the bridge as to drive over the side of it is quite apparent. In other words, it can hardly be said that such an accident would be one that was unlikely to happen. Therefore that line of cases which have excused the commissioner from protecting against the accident on the ground that it was one not to be expected are not applicable to this case.

It is urged before us that there was from 50 to 70 bridges like this in the town, and several miles of dugway; all of which require a barrier to protect them as much as this bridge did, and that for such reason, within the case of Lane v. Town of Hancock, 142 N. Y. 511, 37 N. E. 473, the commissioner could not be charged with negligence in not protecting this one. In that case the court of appeals decided that upon the undisputed facts, and considering all the circumstances appearing in the case, the commissioners could not justly be charged with negligence in not discovering and repairing the defect which existed in the barrier that had once existed and protected the lower side of the highway. The gist of the decision upon this point was that, to require the commissioners, under the circumstances of that case, to discover and repair the defect, although it had existed for a long time, was asking a greater diligence on the part of a commissioner than should, or could practically, be required from him. In the case before us the commissioner for a long time had had actual notice that this bridge had no guard rail upon it, and it had been called to his attention that for such reason it was an unsafe bridge, over which travelers were compelled to drive in a dark night. The Lane Case, therefore, so far as regards the commissioner's negligence, is not controlling upon this case. Although the commissioner had many bridges of a like character in his town to inspect and ascertain their condition as to being properly protected by barriers, and several miles of dugways presenting a like question, yet such duties cannot be said to have excused him in this case from acting in regard to this bridge, inasmuch as its condition was expressly called to his attention, and he was requested to act in reference thereto. Evidently the commissioner in this case omitted to protect this bridge through carelessness, or else because he thought that its condition was good enough as it was.

It is urged upon us that this bridge had never had, since its erection many years ago, any protection along its sides, and that none of the many bridges in the town similar to this had ever had any, and that hence the commissioner was justified in assuming that they were safe, and in this respect in a proper condition. But it can hardly be said that such conclusion should be reached as a matter of law. The question arising in each particular case must be controlled by the circumstances attending it. It is true, as was said in the Lane Case, that "in all cases there is a preliminary question for the court.

as to whether there is any evidence upon which a jury could properly find a verdict for the party producing it, and upon whom the burden of proof is imposed"; but I cannot discover that the situation in this case warrants the court in taking that question from the jury.

Whether the commissioner's omission to protect this bridge with some sort of a barrier calculated to prevent one from driving off from it in the dark was, under the circumstances of this case, such an omission as a careful and prudent officer would have made, was evidently one for the jury to determine. The charge of the court instructed them explicitly that, unless the commissioner had been negligent in that respect, they should not render a verdict against the town. The accident was one reasonably to be apprehended from the condition of the bridge, and the conclusion of the jury that the commissioner was negligent in not furnishing protection against it is warranted by the evidence.

The defendant's counsel suggests that he had not money enough to erect these barriers. But it does not appear that the commissioner had obtained from the town and used up all of the moneys which the law authorized him to ask for, and hence he has shown no defense for want of funds.

From the circumstances the jury were also warranted in concluding that the deceased was not guilty of any negligence that contributed to his injury. Evidently he was making an effort, by following the light, to get across in safety. Whether he did all that an ordinarily prudent man would have done was for the jury to determine.

The judgment should be affirmed, with costs.

As to the appeal from the order denying defendant's motion that the plaintiff file security for costs, I am of the opinion that in the case of a foreign administrator suing in this state section 3268 of the Code does not control. The case of Pursley v. Rodgers, 44 App. Div. 139, 61 N. Y. Supp. 1015, so decides, and the reasoning of Justice Barrett there is satisfactory to me. The case, therefore, being controlled by section 3271, the relief asked for rested in the discretion of the court at special term. Under the circumstances of this case, that discretion has not been improperly used. The claim was apparently a bona fide one, and no suspicion that it was made merely for the purpose of harassing the defendant appeared. See Rutherford v. Town of Madrid, 77 Hun, 545, 28 N. Y. Supp. 923; McNeil v. Merriam, 57 App. Div. 164, 68 N. Y. Supp. 165.

The order should be affirmed, with $10 costs and disbursements. All concur.