GEORGE H. LITTEBRANT, Respondent, *v.* THE TOWN OF SIDNEY, Appellant.

*Negligence — injury from a wagon slipping down an embankment — failure to put a log by the side of the road — presence of ice on the highway — a witness who testified as to the condition of the road, allowed on his cross-examination to state how long the road had been out of repair.*

In an action brought against a town to recover damages for personal injuries which the plaintiff sustained while driving along a highway in said town in consequence of his wagon slipping down an embankment at the side of the highway, it appeared that the road was not used in winter, and that it was not frequently used in summer; that at the point where the accident occurred it was only about seven feet wide, and that the embankment descended at an angle of forty-five degrees, and that no log or other barrier had been placed upon the edge of the embankment. The accident occurred in March, and ice which had formed upon the highway was a contributing cause thereof.

It further appeared, however, that the plaintiff had no prior knowledge of the existence of the ice, and the jury might have determined that his wagon would have safely passed over this part of the road if it had not been turned aside by a stone in the upper edge of the road.

*Held,* that a judgment entered upon a verdict in favor of the plaintiff should be affirmed;

That the jury had a right to say that the failure to put a log or some other barrier upon the edge of the embankment was a failure to exercise the degree of care which the law required of the highway commissioners;

That it could not be said, as a matter of law, that the plaintiff was guilty of contributory negligence, and that that question was properly submitted to the jury;

That as a witness called by the defendant had, upon his direct examination, distinctly sworn that the road was very bad at the point in question, no harm was done to the defendant in allowing the witness, upon his cross-examination, to state how long the road had been out of repair.

KELLOGG, J., dissented.

APPEAL by the defendant, The Town of Sidney, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Delaware on the 28th day of October, 1901, upon the verdict of a jury for $200, and also from an order entered in said clerk's office on the 28th day of April, 1902, denying the defendant's motion for a new trial made upon a case containing exceptions.

Plaintiff recovered a verdict of $200 damages against the defendant for an injury sustained upon the 6th day of March, 1900, by reason of a defect in one of the defendant's highways. From the judgment entered upon this verdict and from an order denying defendant's motion for a new trial defendant has appealed.

*C. L. Andrus* and *Charles H. Seeley,* for the appellant.

*E. H. Hanford* and *L. F. Raymond,* for the respondent.

SMITH, J. :

Defendant urges three grounds for the reversal of this judgment : *First,* that defendant's negligence is not proven ; *second,* that plaintiff was guilty of contributory negligence ; and, *third,* the improper admission of testimony over defendant's exception.

We think the defendant's negligence and the plaintiff's freedom from contributory negligence were properly left to the determination of the jury. It is true that the road was not used in winter, and was not frequently used in summer. It was left open, however, as a highway of the town, and that at this place it was considered a dangerous place seems clear from the evidence. It probably was not negligent in the highway commissioner to decline to blast out the rock in order to widen the road as he was asked to do. But at this spot the road was only about seven feet wide, running to a bank from which was a descent of forty-five degrees, and a very small matter might have turned the horses so as to cause an accident. The jury had the right to say that the failure to put a log or some such barrier upon the edge of this embankment was a failure to exercise the degree of care which the law requires of the highway commissioners. Such a barrier would have averted this accident, and would have been at least a partial protection from the danger which the situation presented.

Nor can it be said as a matter of law that the plaintiff was guilty of contributory negligence. It is true that this road was blocked at one end in the winter by snow. But this was in March when the snow had practically disappeared. The night before ice had frozen upon this spot where the accident occurred which undoubtedly was a contributing cause of the accident. For an injury caused by this ice alone the town was not liable. But plaintiff was upon

the road with some timbers in his wagon twenty feet long. Prior to this he had no knowledge of the dangerous condition caused by the freezing of this ice. He could not have turned his wagon around in the road when he came up to this spot. The jury might well have said that his wagon would have gone safely over if it had not been turned aside by a stone in the upper edge of the road which threw over the front wheels and caused the slipping which finally pulled the wagon over. Whether, under all the circumstances of the case, the plaintiff acted as a prudent man would have acted was a question from which the inferences are not entirely clear and which was within the province of the jury to determine.

The defendant complains that a witness was allowed over its objection to answer the question whether the road had been actually out of repair for a number of years before the accident. The learned court allowed the question simply as cross-examination of matter which had been brought out by defendant's counsel. The witness was the defendant's witness. Upon his direct examination he had distinctly sworn that the road was very bad at this place, and having thus characterized the road upon the defendant's examination, we are of opinion that no harm was done in allowing the witness upon his cross-examination to state how long the road had been out of repair.

The judgment should, therefore, be affirmed.

All concurred, except KELLOGG, J., dissenting.

Judgment and order affirmed, with costs.