### LITTEBRANT v. TOWN OF SIDNEY.

(Supreme Court, Appellate Division, Third Department. December 3, 1902.)

1. HIGHWAYS—BARRIERS—NEGLIGENCE—QUESTION FOR JURY.

Whether a town was negligent in failing to place a barrier along the edge of an embankment where the road was only seven feet wide was a question for the jury.

2. SAME—CONTRIBUTORY NEGLIGENCE.

Whether plaintiff, who was injured while driving along an icy road by reason of the absence of a barrier along the edge of the embankment, was guilty of contributory negligence, *held*, under the evidence, to be a question for the jury.

3. WITNESSES—CROSS-EXAMINATION—HARMLESS ERROR.

Where defendant's witness in an action against a town for injuries caused by a defective highway had stated on direct examination that the highway was in bad condition at the particular point, it was not prejudicial error to permit him to state on cross-examination how long it had been in bad condition.

Kellogg, J., dissenting.

Appeal from trial term, Delaware county.

Action by George H. Littebrant against the town of Sidney. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before PARKER, P. J., and KELLOGG, SMITH, CHASE, and FURSMAN, JJ.

Plaintiff recovered a verdict of $200 damages against the defendant for an injury sustained upon the 6th day of March, 1900, by reason of a defect in one of the defendant's highways. From the judgment entered upon this verdict, and from an order denying defendant's motion for a new trial, defendant has appealed.

Charles H. Seeley (C. L. Andrus, of counsel), for appellant.
L. F. Raymond (E. H. Handford, of counsel), for respondent.

SMITH, J. Defendant urges three grounds for the reversal of this judgment: First, that defendant's negligence is not proven; second, that plaintiff was guilty of contributory negligence; and, third, the improper admission of testimony over defendant's exception.

¶ 1. See Highways, vol. 25, Cent. Dig. §§ 486, 536.

We think the defendant's negligence and the plaintiff's freedom from contributory negligence were properly left to the determination of the jury. It is true that the road was not used in winter, and was not frequently used in summer. It was left open, however, as a highway of the town, and that at this place it was considered a dangerous place seems clear from the evidence. It probably was not negligent in the highway commissioner to decline to blast out the rock in order to widen the road as he was asked to do. But at this spot the road was only about 7 feet wide, running to a bank from which was a descent of 45°, and a very small matter might have turned the horses so as to cause an accident. The jury had the right to say that the failure to put a log or some such barrier upon the edge of this embankment was a failure to exercise the degree of care which the law requires of the highway commissioners. Such a barrier would have averted this accident, and would have been at least a partial protection from the danger which the situation presented.

Nor can it be said, as a matter of law, that the plaintiff was guilty of contributory negligence. It is true that this road was blocked at one end in the winter by snow. But this was in March, when the snow had practically disappeared. The night before, ice had frozen upon this spot where the accident occurred, which undoubtedly was a contributing cause to the accident. For an injury caused by this ice alone, the town was not liable. But plaintiff was upon the road with some timbers in his wagon, 20 feet long. Prior to this he had no knowledge of the dangerous condition caused by the freezing of this ice. He could not have turned his wagon around in the road when he came up to this spot. The jury might well have said that his wagon would have gone safely over if it had not been turned aside by a stone in the upper edge of the road, which threw over the front wheels, and caused the slipping which finally pulled the wagon over. Whether, under all the circumstances of the case, the plaintiff acted as a prudent man would have acted, was a question from which the inferences are not entirely clear, and which was within the province of the jury to determine.

The defendant complains that a witness was allowed, over his objection, to answer the question whether the road had been actually out of repair for a number of years before the accident. The learned court allowed the question simply as cross-examination of matter which had been brought out by defendant's counsel. The witness was the defendant's witness. Upon his direct examination he had distinctly sworn that the road was very bad at this place, and, having thus characterized the road upon the defendant's examination, we are of opinion that no harm was done in allowing the witness upon his cross-examination to state how long the road had been out of repair. The judgment should therefore be affirmed.

Judgment and order affirmed, with costs. All concur, except KELLOGG, J., who dissents.