(68 Misc. Rep. 284.)

RISING v. TOWN OF MOREAU.

(Saratoga County Court.  June, 1910.)

1. HIGHWAYS (§ 187*)—ACCEPTANCE BY TOWN—LIABILITY FOR NEGLIGENCE.

Where a road has been worked for eight or nine years by the commissioner of highways at the expense of the town, it is a sufficient acceptance of the road by the town to charge it with damages for negligence in not properly guarding a bridge.

[Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 478, 479; Dec. Dig. § 187.*]

2. BRIDGES (§ 39*)—FAILURE TO REPAIR—LIABILITY FUND.

In an action against a town for negligence in not replacing a barrier on a bridge, it is no defense that the commissioner of highways has no funds applicable thereto, as, under Highway Law (Laws 1905, c. 417) § 10, the commissioner is authorized to make necessary repairs, the expense to be audited by the town board and collected.

[Ed. Note.—For other cases, see Bridges, Cent. Dig. §§ 80–107; Dec. Dig. § 39.*]

3. APPEAL AND ERROR (§ 179*)—REVIEW—WAIVER OF OBJECTION.

Where, in an action against a town for negligence, the parties regard the claim served on the supervisors, a copy of which is annexed to the complaint, as in evidence, and defendant does not question a failure to prove the same, the judgment will not be reversed because of failure formally to introduce it in evidence.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1137–1140; Dec. Dig. § 179.*]

Appeal from Justice Court.

Action by Herbert Rising against the Town of Moreau.  From a judgment by a justice in favor of plaintiff, defendant appeals.  Affirmed.

T. D. Trumbull, for appellant.

Jere M. Cronin, for respondent.

ROCKWOOD, J.  The plaintiff, alleging the negligence of the commissioner of highways of the town of Moreau, brought this action to recover for damages to his horse, caused by a failure to properly guard a bridge on the highway from South Glens Falls to Spier Falls.  Trial of the issues before a justice of the peace without a jury resulted in a verdict for the plaintiff, and the town has appealed.

At a point on said highway near a place known as the "Sherman farm," there is a bridge 13 feet long by 5½ feet wide, which crosses the highway.  Railings or barriers had been originally placed along the sides of this bridge but, in the fall of 1907, some months before the accident, the railing on the westerly side of the bridge had been removed or fallen down and no effort had been made to replace it.  On the night of March 28, 1908, the plaintiff was lawfully upon the highway, driving to his home.  It was a dark evening, and on account of the absence of the railing or barrier his horse went off the bridge, falling on its head and shoulders in the ditch under the bridge, and there remaining for several hours, when it was finally extricated.  The horse was rendered practically useless by its injuries, and the amount of money damages recovered is supported by the evidence.  In its an-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

swer the town denied its negligence, asserted the contributory negligence of the plaintiff, and, as a separate defense, claimed that the commissioner of highways of the town was without funds to make repairs and had exhausted all legal means to so raise funds. The plaintiff's cause of action was well sustained by the proof, and should prevail, unless defeated by the special defenses urged.

It was first sought to be shown by the town that the road in question was not a public highway; but the commissioner of highways testified that he had charge of it and had repaired the bridge. Plaintiff also gave testimony to the effect that at times for eight or nine years past the highway commissioner had employed him to work upon this highway and that he had received pay for his work. The justice was clearly right in deciding upon the evidence that the road was a public highway, and such view is sustained by the authorities. In McCormick v. City of Amsterdam, 18 N. Y. Supp. 272,[1] it was held that municipal corporations may by their action treat and adopt a highway made by private persons as a public street, and hence become responsible for its condition, without any formal acceptance. In this case the place in question had been used as a highway for more than 20 years prior to the happening of the accident, and the city had elected to care for and maintain it; and the court held that it was responsible for it as one of the streets and highways of the city. In Greenberg v. City of Kingston, 67 Hun, 653, 22 N. Y. Supp. 511, it was held that a city, working a street dedicated by the owner to the public use, accepts it, and is liable for injuries caused travelers by defects therein.

The next defense urged by the town was that it was without funds to make the repairs. The preponderance of proof shows that the barrier on the bridge was down for several months, and that the highway commissioner was neglectful in attending to it. The clear inference is that he passed over this bridge several times and should have seen that the barrier was down. The supervisor and the highway commissioner both testified that there was only $1.03 in their hands available for highway purposes on the settlement of the accounts of the highway commissioner in December, 1907, a few months prior to the accident. The commissioner applied to the town board for funds in February, 1908, to repair the Ft. Edward bridge; but there is no proof that he called the attention of the town board to the condition of this barrier or the want of a barrier at this place, or that he attempted to exercise the authority vested in him under section 10 of the highway law (Laws 1905, c. 417), as the highway law then existed. Under this section the commissioner was authorized to make the repairs necessary in replacing the barrier, and the expense of doing it would have to be audited by the town board and collected. This was an extraordinary repair within the meaning of said section 10.

In Whitlock v. Town of Brighton, 2 App. Div. 21, 37 N. Y. Supp. 333, affirmed 154 N. Y. 781, 49 N. E. 1106, and McMahon v. Town of Salem, 25 App. Div. 1, 49 N. Y. Supp. 310, it was held that a town

---

[1] Reported in full in the New York Supplement; reported as a memorandum decision, without opinion, in 63 Hun, 632.

could not plead lack of funds as a defense to an action for injuries sustained through a defective highway, when it could have raised funds under section 10 for the purpose of making the needed repairs. Mere lack of funds alone is not a defense. There must also be an inability to raise funds. Whitlock v. Town of Brighton, 2 App. Div. 21, 37 N. Y. Supp. 333; Monk v. Town of New Utrecht, 104 N. Y. 552, 11 N. E. 268; Clapper v. Town of Waterford, 131 N. Y. 382, 30 N. E. 240; Young v. Town of Macomb, 11 App. Div. 480, 42 N. Y. Supp. 351; Boyce v. Town of Shawangunk, 40 App. Div. 593, 58 N. Y. Supp. 26; McMahon v. Town of Salem, 25 App. Div. 1, 49 N. Y. Supp. 310; Quinn v. Town of Sempronius, 33 App. Div. 70, 53 N. Y. Supp. 325. And it must be shown that the commissioners have sought to avail themselves of all lawful means of raising funds and of the privilege afforded by section 10 (as it then was) of the highway law. Pelkey v. Town of Saranac, 67 App. Div. 337, 73 N. Y. Supp. 493; Whitlock v. Town of Brighton, 2 App. Div. 21, 37 N. Y. Supp. 333, affirmed 154 N. Y. 781, 49 N. E. 1106; McMahon v. Town of Salem, 25 App. Div. 1, 49 N. Y. Supp. 310.

Towns are liable for the omission of the highway commissioner to exercise such care and conduct as a reasonable and prudent person would have ordinarily exercised under the circumstances in question. Barber v. Town of New Scotland, 88 Hun, 522, 34 N. Y. Supp. 968; Lane v. Town of Hancock, 142 N. Y. 510, 37 N. E. 473; Dorn v. Town of Oyster Bay, 84 Hun, 510, 32 N. Y. Supp. 341; Snowden v. Town of Somerset, 171 N. Y. 99, 63 N. E. 952. It is the duty of commissioners of highways to erect barriers at dangerous places. Maxim v. Town of Champion, 50 Hun, 88, 4 N. Y. Supp. 515 affirmed 119 N. Y. 626, 23 N. E. 1144; Fay v. Town of Lindley, 11 N. Y. Supp. 355;[2] Reid v. Town of Ripley, 14 N. Y. Supp. 124;[3] Bryant v. Town of Randolph, 133 N. Y. 70, 30 N. E. 657; McGuinness v. Town of Westchester, 66 Hun, 356, 21 N. Y. Supp. 290; Wood v. Town of Gilboa, 76 Hun, 175, 27 N. Y. Supp. 586; Pelkey v. Town of Saranac, 67 App. Div. 337, 73 N. Y. Supp. 493, distinguishing Lane v. Town of Hancock, 142 N. Y. 511, 37 N. E. 473; Littebrant v. Town of Sidney, 77 App. Div. 545, 78 N. Y. Supp. 890; Coney v. Town of Gilboa, 55 App. Div. 111, 67 N. Y. Supp. 116; Van Gaasbeck v. Town of Saugerties, 82 Hun, 417, 31 N. Y. Supp. 354; Bryant v. Town of Randolph, 133 N. Y. 70, 30 N. E. 657; Ivory v. Town of Deerpark, 116 N. Y. 476, 22 N. E. 1080.

The necessity for barriers, including the question whether the commissioner was negligent in omitting to supply them and keep them in repair, is a question of fact which the justice upon abundant testimony has decided for the plaintiff. It is evident that the bridge required a railing to render it safe; that the highway commissioner could easily have discovered and remedied the defect; that the dangerous condition of the bridge was allowed to continue for so long a time as to give the town constructive notice of the situation; that no effort was

---

[2] Reported in full in the New York Supplement; reported as a memorandum decision, without opinion, in 58 Hun, 601.

[3] Reported in full in the New York Supplement; reported as a memorandum decision, without opinion, in 59 Hun, 628.

made to raise funds and that, at the most, an expenditure of two dollars and fifty cents would have saved the plaintiff's horse.

Finally, the defendant contends that the judgment should be reversed because the plaintiff did not cause the verified statement of his claim as served upon the supervisor to be introduced in evidence. The service of such notice was alleged in the complaint and a copy of it was affixed to the pleading. On the trial the plaintiff testified that he caused to be prepared a statement of this cause of action against the town of Moreau and served a copy on the supervisor on the 4th day of May, 1908. It is true that the notice itself was not formally offered in evidence, but both parties at the trial before the justice seemed to regard it as in the case. Defendant's motion for a nonsuit did not raise the question of failure to offer the notice; and, if it had been so raised, the plaintiff's counsel could easily have offered it.

A motion for a nonsuit or to direct a verdict should clearly specify the defects in the proof which are relied on. Quinlan v. Welch, 141 N. Y. 158, 36 N. E. 12; Rusher v. Brennan, 29 Misc. Rep. 142, 60 N. Y. Supp. 283; Flandrow v. Hammond, 148 N. Y. 129, 42 N. E. 511; Haines v. N. Y. C. & H. R. R. R. Co., 145 N. Y. 235, 39 N. E. 949; 3 Wait, Law & Pr. 367; Trustees of St. Mary's Church v. Cagger, 6 Barb. 576, 581; Castle v. Duryea, 32 Barb. 480; Underhill v. Pomeroy, 2 Hill, 603; 7 Hill, 388; Binsse v. Wood, 37 N. Y. 526; Shotwell v. Mali, 38 Barb. 445, 469; Boldt v. Epstein, 29 Misc. Rep. 583, 61 N. Y. Supp. 248; Bailey, Tri. Pr. 318; Devoe v. Brandt, 58 Barb. 493; Thayer v. Marsh, 75 N. Y. 340; Mallory v. Travelers' Ins. Co., 47 N. Y. 52, 7 Am. Rep. 410; Sterrett v. Third National Bank of Buffalo, 122 N. Y. 659, 25 N. E. 913; Webb v. Odell, 49 N. Y. 583. The reason why the ground should be stated is to enable the opposing party to obviate the supposed defects by proof. Mallory v. Travelers' Ins. Co., 47 N. Y. 52, 7 Am. Rep. 410; Mayhew v. Howard, 2 N. Y. St. Rep. 155; Webb v. Odell, 49 N. Y. 583; Storrs v. Congregational Church, 17 Wkly. Dig. 179. In Thayer v. Marsh, 75 N. Y. 340, the Court of Appeals, Andrews, J., said:

"But it is also true that, if the case made by the plaintiff was defective upon this point, the judgment will not be reversed, unless the defect was pointed out, and is reached by a proper exception taken upon the trial. It is a salutary rule, which requires a party to take his ground, when he has an opportunity to object, so that the other party shall not be misled by his silence; and he is not allowed to spring an objection for the first time, after the trial has been concluded, and after the opportunity is passed for his adversary to make additional proof, whereby the objection might have been obviated. Binsse v. Wood, 37 N. Y. 532; Mallory v. Travelers' Ins. Co., 47 N. Y. 52, 7 Am. Rep. 410; Van Derlip v. Keyser, 68 N. Y. 443." Quinlan v. Welch, 141 N. Y. 158, 165, 36 N. E. 12.

These cases are authority for holding that motions for nonsuit, stating the grounds in general, are insufficient, and should be denied.

The judgment should not be reversed for a mere technical defect not affecting the merits, and it is the duty of the County Court in appeals from a justice of the peace to effect substantial justice. The plaintiff has recovered a modest and proper verdict, which is affirmed, with costs.

Judgment affirmed, with costs.